No. 77,241

CITY OF JUNCTION CITY, KANSAS, *Appellant*, v. ALBERT E. CADORET, *Appellee*.

(946 P.2d 1356)

Opinion filed October 31, 1997.

*Barry A. Clark*, of Clark & Kellstrom, Chtd., of Manhattan, was on the brief for appellant.

*Steven L. Opat*, of Harper, Hornbaker, Altenhofen & Opat, Chtd., of Junction City, was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: The City of Junction City (City) appeals the dismissal of a driving under the influence of alcohol complaint against Albert E. Cadoret.

Cadoret was charged and convicted in municipal court of being a third time DUI offender in violation of Junction City Ordinance 300.030. He was fined $1,000 and sentenced to a jail term of 365 days. He appealed to district court.

In district court, Cadoret moved to dismiss the charges against him, contending his conviction as a third-time offender under the city ordinance was contrary to K.S.A. 1996 Supp. 8-1567. He argued that because 8-1567 was uniform statewide, no city could "charter out" of its provisions, and cities are thereby preempted from prosecuting third or subsequent DUI offenses, which are designated as nonperson felonies by 8-1567(f). Cadoret stipulated for purposes of his motion that he had received two prior DUI convictions in the past 5 years.

The district court determined 8-1567 was applicable statewide and that the city ordinance, by removing language from 8-1567(f) which designated a third or subsequent offense as a nonperson felony, modified that statute. The court further found this modification made 300.030 less restrictive than 8-1567 and home rule provisions would not permit such modification. The court also decided a municipal prosecution for a third or subsequent DUI offense denies defendants equal protection and due process because they are denied preliminary hearings in municipal court. Therefore, the court concluded the City lacked jurisdiction to prosecute Cadoret in municipal court and vacated the DUI charge.

We have jurisdiction of the City's appeal pursuant to K.S.A. 22-3602(b)(1).

The decision of the district court is based on questions of law and statutory interpretation, over which we have unlimited review. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 941 P.2d 1321 (1997).

We are bound by certain basic rules of statutory construction set forth in *Todd v. Kelly*, 251 Kan. 512, 515-16, 837 P.2d 381 (1992):

"The function of the court is to interpret the statutes, giving the statutes the effect intended by the legislature. *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 719, 792 P.2d 971 (1990).

. . . .

" 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 (1989)."

The City claims 8-1567(m) expressly permits cities to enact ordinances such as 300.030, prohibiting and punishing conduct also covered by 8-1567. Cadoret argues 8-1567(m) does not permit cities to prosecute third or subsequent DUI offenses because the state statute makes such crimes felonies. To understand the reasons for these arguments, the applicable provisions of the state statute and city ordinance must first be examined.

K.SA. 1996 Supp. 8-1567, in relevant part, provides:

"(d) Upon a first conviction of a violation of this section, a person shall be guilty of a class B, nonperson misdemeanor and sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, or in the court's discretion 100 hours of public service, and fined not less than $200 nor more than $500. The person convicted must serve at least 48 consecutive hours' imprisonment or 100 hours of public service either before or as a condition of any grant of probation or suspension, reduction of sentence or parole. . . .

"(e) On a second conviction of a violation of this section, a person shall be guilty of a class A, nonperson misdemeanor and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. The five days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. Except as provided in subsection (g), the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released. . . .

"(f) On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. Except as provided in subsection (g), the person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. . . . The 90 days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program.

. . . .

"(m) Nothing contained in this section shall be construed as preventing any city from enacting ordinances, or any county from adopting resolutions, declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city or county and prescribing penalties for violation thereof, but the minimum penalty prescribed by any such ordinance or resolution shall not be less than the minimum penalty prescribed by this act for the same violation, and the maximum penalty in any such ordinance or resolution shall not exceed the maximum penalty prescribed for the same violation. In addition, any such ordinance or resolution shall authorize the court to order that the convicted person pay restitution to any victim who suffered loss due to the violation for which the person was convicted."

## Junction City Ordinance 300.030, in applicable part, provides:

"(d) Upon a first conviction of a violation of this section, a person shall be sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, or in the court's discretion 100 hours of public service, and fined not less than $200 nor more than $500. The person convicted must serve at least 48 consecutive hours' imprisonment or 100 hours of public service either before or as a condition of any grant of probation or suspension, reduction of sentence or parole. . . .

"(e) On a second conviction of a violation of this section, a person shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. The five days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. Except as provided in subsection (g), the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released. . . .

"(f) On the third or a subsequent conviction of a violation of this section, a person shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. Except as provided in subsection (g), the person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has erved at least 90 days' imprisonment. . . . The 90 days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program.

. . . .

"(m) Upon conviction of a person of a violation of this section, the court may order the convicted person to pay restitution to any victim who suffered loss due to the violation for which the person was convicted."

The primary difference between 8-1567 and 300.030 is that the city ordinance omits the language designating first or second offenses as misdemeanors and, most importantly, third and subsequent offenses as a nonperson felonies. The question then becomes whether a city, under the authority of 8-1567(m), may omit the severity classification of a crime designated as a felony in a state statute of uniform application in order to prosecute and punish such offenders in municipal courts. For the various reasons we will hereafter set forth, we hold a city may not do so.

The jurisdiction of municipal and district courts is defined by statute. K.S.A. 12-4104 states: "The municipal court of each city shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city." K.S.A. 22-2601 relates to the criminal jurisdiction of district courts and reads: "The district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases under the laws of the state of Kansas."

A reading of these statutes clearly shows that crimes which are designated as felonies can only be charged and tried in district courts, not in municipal courts.

We then must determine what is a felony and how a felony differs from a misdemeanor or traffic offense. These questions are answered by K.S.A. 1996 Supp. 21-3105, which defines crimes and the classes of crimes as follows:

"A crime is an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized or, in the case of a traffic infraction, a fine is authorized. Crimes are classified as felonies, misdemeanors and traffic infractions.

"(1) A felony is a crime punishable by death or by imprisonment in any state correctional institution or a crime which is defined as a felony by law.

"(2) A traffic infraction is a violation of any of the statutory provisions listed in subsection (c) of K.S.A. 8-2118 and amendments thereto.

"(3) A cigarette or tobacco infraction is a violation of subsection (m) or (n) of K.S.A. 79-3321 and amendments thereto.

"(4) All other crimes are misdemeanors."

In the present case, the penalty provisions of 8-1567 and Junction City Ordinance 300.030 appear to be identical. However, a third or subsequent conviction of the state statute brands the violator as a felon. Felons are subject to restrictions on their civil

rights, which were defined as "disabilities" by the provisions of K.S.A. 21-4615 in effect at the time of Cadoret's violation. Although those disabilities were then stated to attach when a convicted person was delivered to the Secretary of Corrections for imprisonment, the statute was amended in 1996 and the disabilities became "ineligibilities," which attached upon conviction. K.S.A. 1996 Supp. 21-4615 reads as follows:

"(1) A person who has been convicted in any state or federal court of a felony shall, by reason of such conviction, be ineligible to hold any public office under the laws of the state of Kansas, or to register as a voter or to vote in any election held under the laws of the state of Kansas or to serve as a juror in any civil or criminal case.

"(2) The ineligibilities imposed by this section shall attach upon conviction and shall continue until such person is finally discharged from parole or conditional release or is discharged from custody by reason of the expiration of the term of imprisonment to which the person was sentenced.

"(3) The ineligibilities imposed upon a convicted person by this section shall be in addition to such other penalties as may be provided by law."

It is apparent from this statute that the legislature intended for certain ineligibilities to be imposed upon those convicted of crimes classified as felonies. This intent is also expressed in K.S.A. 21-4202 and K.S.A. 21-4204, where those who have been convicted of nonperson felonies, or equivalents from other jurisdictions, are barred from possessing weapons and firearms for 5 years following their conviction. This means that the ineligibilities imposed by all these statutes would fall upon a person convicted of a third or subsequent DUI violation under the state statute, but would not fall upon a person identically so convicted of the city ordinance.

Although this analysis appears to predict the result we reach, we need to consider the City's argument that a crime defined as a felony by a state statute may also be prohibited by a city ordinance, but not labeled as a felony, making the prosecution here permissible because it is sufficiently authorized by 8-1567(m).

Both the City and Cadoret cite *City of Junction City v. Lee*, 216 Kan. 495, 532 P.2d 1292 (1975), to support their arguments. *Lee* addresses the powers of home rule for cities granted by virtue of Article 12, § 5 of the Kansas Constitution. However, because 8-1567(m) *expressly permits cities to enact ordinances and counties*

to adopt resolutions prohibiting conduct proscribed in 8-1567, cities need not rely on either home rule powers or their inherent police powers to enact DUI ordinances. Therefore, although heavily discussed by the City, home rule powers are not determinative of the issue before us. Rather, we must decide if ordinance 300.030 as enacted and enforced by the City conflicts with state law or the requirements of 8-1567(m).

The test we have applied in determining whether a conflict exists between a state statute and an ordinance is whether the ordinance permits what the statute forbids or prohibits what the statute authorizes. *Lee,* 216 Kan. at 501; see *Blevins v. Hiebert,* 247 Kan. 1, 7, 795 P.2d 325 (1990). If so, there is a conflict; but if both are prohibitory and the ordinance merely goes further in its prohibition, though not counter to the prohibition in the statute, there is no conflict. *Lee,* 216 Kan. at 501.

In the present case, 8-1567(f) expressly designates a third or a subsequent offense as a nonperson felony. Ordinance 300.030 fails to make this designation. The ordinance does not go further in its prohibition. It actually permits an identical violation to be prosecuted as a nondesignated offense while the same conduct is specifically stated to be a felony if charged under the state statute. This is a clear conflict.

A statement of dicta in *Lee* supports this conclusion. *Lee* pointed out that a portion of the ordinance not in issue, which dealt with fully automatic firearms, "could well be found to conflict with the state law because K.S.A. 21-4201(4) declares such offense to be a felony." 216 Kan. at 504. The city ordinance in *Lee* read similar to and prohibited conduct proscribed by 21-4201, but declared all violations to be misdemeanors. Similarly, 8-1567 declares a third or a subsequent offense to be a felony, while 300.030 proscribes and punishes such an offense without designating it as a felony.

We do not abandon any of our previously stated rules of construction in criminal cases, but, because a basic question of jurisdiction over the prosecution of a crime exists it is helpful to look to the existing legislative history relating to these provisions. Little mention was made in the legislative record of the portion of the 1993 bill, L. 1993, ch. 259, § 8, which inserted the felony and

misdemeanor language into 8-1567. An amendment to H.B. 2355, an act dealing with alcohol-related offenses, was requested by the Kansas County and District Attorneys Association to "treat a third and subsequent conviction as a nonperson felony." Minutes of the House Committee on Judiciary, February 26, 1993. The Supplemental Note on H.B. 2355, as further amended by the Senate Committee on Judiciary, summarized:

"Violations of DUI laws are changed to reflect the classification of crimes under the Kansas Sentencing Guidelines Act, *i.e.*, a first offense is made a class B nonperson misdemeanor, a second offense is made a class A nonperson misdemeanor, and third and subsequent offenses are made level 9 nonperson felonies."

In 1994, the legislature again amended 8-1567(f), this time to remove the language designating the severity level of the crime. Although a third or subsequent offender would still be guilty of a nonperson felony, this crime was no longer to be labeled as "severity-level 9." L. 1994, ch. 291, § 2. The Minutes of the Senate Committee on Judiciary, March 23, 1994, stated:

"Lisa Moots addressed the Committee in regard to the policy issues for sentencing guidelines. She said the first policy concern involved the felony DUI. She said a DUI offender, on the third offense could be charged and prosecuted as a felony offense and the offense was assigned a guideline severity level 9."

A better explanation of the legislature's intent with this amendment is found in attachment 1-1 to the Senate Judiciary Committee minutes. The Kansas Sentencing Commission stated in a letter to the Senate Committee: "The sentencing commission's recommendations for some language to resolve conflicts in the DUI sentencing provisions are also contained in the bill." The Supplemental Note on the Senate Substitute for H.B. 2332, as amended by the Senate Committee on Judiciary, reiterated:

"(4) The third or subsequent conviction of a DUI is made a nonperson off-grid felony as a clarification. Under current law this is a severity level 9 nonperson felony which is presumptive probation under sentencing guidelines but the DUI law requires a minimum of 90 days imprisonment. The bill also clarifies that a person sentenced for a third or subsequent DUI shall not be incarcerated in a state facility in the custody of the Secretary of Corrections."

While the legislative history fails to illuminate the legislative intent on the precise issue before us, it does provide insight that the legislature intended for third or subsequent DUI offenders to be guilty of a felony. The history also indicates an intent to designate DUI crimes in conformance with the sentencing guidelines and to treat offenders with similar criminal histories equally.

In addition to reinforcing the legislature's desire for sentencing consistency, a statute in the Code for Municipal Courts also sheds some light on legislative intent regarding felony and misdemeanor designations. K.S.A. 1996 Supp. 12-4106(e) states:

"The municipal judge shall ensure that information concerning dispositions of city ordinance violations that result in convictions comparable to convictions for class A and B misdemeanors under the Kansas criminal statutes is forwarded to the Kansas bureau of investigation central repository."

This provision compliments K.S.A. 21-4710, which reads in relevant part:

"(a) Criminal history categories contained in the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes are based on the following types of prior convictions: Person felony adult convictions, nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, person misdemeanor adult convictions, nonperson class A misdemeanor adult convictions, person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, select class B nonperson misdemeanor adult convictions, select class B nonperson misdemeanor juvenile adjudications and convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor. . . .

. . . .

"(d) Except as provided in K.S.A. 21-4716 and amendments thereto, the following are applicable to determining an offender's criminal history classification:

. . . .

"(7) All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored."

The significance of these statutes lies in the fact that the legislature made absolutely no provision in the sentencing guidelines

for scoring convictions from municipal ordinances or county resolutions comparable to felony crimes. Nor did the legislature require municipal judges to report municipal crimes comparable to felonies to the KBI. It seems apparent that the legislature was acting on an assumption that because municipal courts would not be trying felony cases, there was no need to indicate in the guidelines that municipal convictions equivalent to felonies would be treated as felonies in determining criminal history categories. This assumption is warranted by the express language of K.S.A. 22-2601 that district courts have exclusive jurisdiction to try felonies.

The conclusion this requires is that there is no provision in the sentencing guidelines for a municipal conviction equivalent to a felony to be considered when calculating the criminal history category of an offender. This means either such authority to consider a municipal conviction would have to be implied, or persons who had been convicted of a third or subsequent DUI offense in municipal court would be treated less harshly when sentenced for a later offense than if they had been charged and convicted of a violation 8-1567. This result clearly violates the requirement of 8-1567(m) that "the minimum penalty prescribed by [the] ordinance . . . shall not be less than the minimum penalty prescribed by this act."

We are not persuaded that a different result should be reached by the City's citation to us of Att'y Gen. Op. No. 93-81, which stated: "Because the DUI statute falls under the uniform act, a municipal court has jurisdiction to hear cases alleging third and subsequent violations of the city's DUI ordinance as long as the minimum and maximum penalties are the same as the penalties stated in K.S.A. 8-1567." Although potentially persuasive, an Attorney General's opinion is not binding on us. *State v. Scherzer*, 254 Kan. 926, 932, 869 P.2d 729 (1994). We hold the logic and reasoning of Att'y Gen. Op. No. 93-81 to be incorrect and decline to follow it.

Additionally, the conclusion of Att'y Gen. Op. No. 93-81 appears to be in direct conflict with that reached by Att'y Gen. Op. No. 81-222, which opined that where criminal conduct has been declared by the state to constitute a felony, a municipality may not exercise

concurrent jurisdiction by redefining such an offense as a misdemeanor in violation of a municipal ordinance. Att'y Gen. Op. No. 81-222 further stated: "We must, however, conclude that the Kansas Supreme Court would clearly find conflict between a felony state statute prohibiting certain conduct and a municipal ordinance prohibiting the same conduct by providing misdemeanor sanctions."

The trial court correctly decided the City could not prosecute Cadoret for a third DUI violation.

Because we affirm the trial court for the reasons stated, we need not address the constitutional issues raised.

Affirmed.