No. 92,853

STATE OF KANSAS, *Appellant,* v. JOEY R. ELLIOTT, *Appellee.*

(133 P.3d 1253)

Opinion filed April 28, 2006.

*Steven J. Obermeier,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, were with him on the brief for appellant.

*Michelle A. Davis,* assistant appellate defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Joey R. Elliott was charged in district court with driving with a suspended license and driving under the influence of alcohol (DUI) with two or more prior DUI convictions. A jury found defendant guilty of the charged offenses. Prior to sentencing,

defendant challenged four prior municipal court DUI convictions which were included in his criminal history for sentencing purposes. The sentencing court agreed in part and excluded two prior convictions for criminal history scoring purposes. The Court of Appeals affirmed. This court granted the State's petition for review.

Elliott did not challenge his convictions in the district court, but rather his criminal history classification used for sentencing purposes. Thus the sole issue raised by the State on appeal is whether the district court erred in excluding, for sentencing purposes, two of Elliott's prior municipal court DUI convictions on the ground that the municipal court lacked subject matter jurisdiction.

There is no dispute about the facts.

In June 2003, Elliott was charged in the district court with driving under the influence of alcohol with two or more prior DUI convictions in violation of K.S.A. 8-1567. In the same complaint, he was charged with driving with a suspended license in violation of K.S.A. 8-262 and K.S.A. 21-4502(1)(b).

The jury found Elliott guilty of the charged offenses. The presentence investigation report revealed that Elliott had five prior DUI convictions, all committed within a 5-year period. The first three prior DUI convictions occurred in October 1994 in municipal court and were listed as misdemeanors. The fourth prior DUI conviction occurred in February 1996 in municipal court and was also listed as a misdemeanor. The fifth prior DUI conviction, a felony, occurred in September 1998 in district court.

Elliott objected in writing to his criminal history, as shown in the presentence investigation report. He argued that several of his prior municipal court DUI convictions should have been classified as felonies rather than misdemeanors, thus depriving the municipal court of jurisdiction. Because the first three convictions occurred on the same day in a court of no record, he argued, the order could not be determined and all should be stricken. Those convictions and the subsequent conviction in municipal court should be stricken, he argued, which would reduce the number of his prior DUI convictions to the one that was prosecuted in district court and would affect sentencing in the present case.

The trial court struck two of Elliott's prior DUI convictions from his criminal history score, convicted him of felony DUI as a fourth-time offender under K.S.A. 8-1567(g), and sentenced him to 9 months in jail. The trial court reasoned as follows:

"Cities are permitted to enact ordinances which also proscribe operating a vehicle while under the influence of alcohol. K.S.A. 8-1567(o)(1). However, these ordinances may not impose penalties that are harsher or more lenient than those penalties provided for in the state statute. *Id.* K.S.A. 8-1567 provides that any DUI conviction after the second such conviction will be considered a felony. K.S.A. 8-1567(f)-(g). Though municipal courts are permitted to prosecute those who drive under the influence of alcohol, they lose jurisdiction over the crime when prior convictions elevate it to a felony under state law. K.S.A. 22-2601; *City of Junction City v. Cadoret*, 263 Kan. 164, 174 (1997).

"The state contends that all of Mr. Elliott's prior DUI convictions in municipal court remain valid, only the sentences are considered illegal. It has cited *State v. Frazier*, 30 Kan. App. 2d 398 (2002), in support of this assertion. But, *Frazier* merely addressed a situation where a defendant was sentenced to a harsher sentence where two separate felony statutes proscribed the same conduct. *Id.*, at 403-04. The Court of Appeals did not consider a situation where a court was entirely without jurisdiction to hear the case. *Cadoret* squarely held that municipalities may not prosecute third and subsequent violations of city ordinances for driving while intoxicated because such violations are felonies under K.S.A. 8-1567. *Cadoret*, 263 Kan. at Syl. ¶ 6. A conviction in a court that lacks jurisdiction is void. *State v. Larson*, 265 Kan. 160, 161 (1998) (citing *State v. Shofler*, 9 Kan. App. 2d 696 (1984). Mr. Elliott's failure to object to the classification of his prior DUI convictions at sentencing hearings for prior convictions does not waive his ability to now contest them as held in *State v. Hobbs*, 276 Kan. 44, 57 (2003). Subject matter jurisdiction over a prosecution can never be waived. *State v. Randolph*, 19 Kan. App. 2d 730 (1994) (citations omitted).

"The conviction on February 2, 1996 in Olathe Municipal Court is void for want of jurisdiction as Mr. Elliott had at least two prior convictions. It may not be used as a basis for imposing the sentence in this case. Mr. Elliott contends that all three convictions entered on October 21, 1994 in Olathe Municipal Court are defective as the court lacked jurisdiction because it is unknown as to which plea was entered first. At the time the convictions were recorded, Mr. Elliott had no previous DUI convictions on his record. The municipal court was within its jurisdiction to accept his plea to two of the charges. Had Mr. Elliott pled to two charges that day, instead of three, there would be no confusion. It makes little sense to allow a defendant to escape all liability because he admitted to driving while intoxicated three times instead of two. The courts must sensibly and reasonably interpret the law to give effect to legislative design and intent. *State v. Roderick*, 259 Kan. 107, 110 (1996) (citing *State v. Cox*, 258 Kan. 557, Syl. P 7 [1995]). To allow a defendant to avoid liability because he violated the law three times, instead

of two, would fail to give effect to the basic philosophy and intent of recidivist statutes. *City of Dodge v. Wetzel*, 267 Kan. 402, 409 (1999) (quoting *State v. Lohrbach*, 217 Kan. 588, 591 [1975])."

In this case involving a question of law and the interpretation of statutes, the court's review is unlimited. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003); *State v. Larson*, 265 Kan. 160, 162, 958 P.2d 1154 (1998).

In its brief in the Court of Appeals, the State argued that the trial court had improperly sustained Elliott's collateral attacks on his municipal court convictions. The State contended that *City of Junction City v. Cadoret*, 263 Kan. 164, 946 P.2d 1356 (1997), could not be retroactively applied to support Elliott's collateral attack on his municipal court convictions and that he forfeited the right to attack any infirmity in a charge to which he pled guilty. Elliott countered that he did not seek to have *Cadoret* retroactively applied to his prior DUI convictions, but rather sought to apply the decision in his current sentencing procedure. He also noted that the record does not show whether he pled guilty in any of the municipal court DUI cases. He urged the Court of Appeals to affirm the trial court's conclusion that the municipal court lacked jurisdiction of two of his prior DUI convictions. The Court of Appeals affirmed the trial court's decision. *Elliott*, slip op. at 23.

The jurisdiction of municipal and district courts is statutorily fixed. In *Cadoret*, 263 Kan. at 168, the court stated:

"K.S.A. 12-4104 states: 'The municipal court of each city shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city.' K.S.A. 22-2601 relates to the criminal jurisdiction of district courts and reads: 'The district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases under the laws of the state of Kansas.'

"A reading of these statutes clearly shows that crimes which are designated as felonies can only be charged and tried in district courts, not in municipal courts."

K.S.A. 2005 Supp. 8-1567(a) provides that no person shall operate or attempt to operate any vehicle while under the influence of alcohol. Any city or county may enact an ordinance or resolution prohibiting the same conduct—operating or attempting to operate a vehicle while under the influence of alcohol. K.S.A. 2005 Supp. 8-1567(o)(1). Ordinances or resolutions may not impose penalties

that are harsher or more lenient than the statutory penalties. K.S.A. 2005 Supp. 8-1567(o)(1). K.S.A. 2005 Supp. 8-1567(d) provides that a first DUI conviction is a class B, nonperson misdemeanor; 8-1567(e) provides that a second DUI conviction is a class A, nonperson misdemeanor. K.S.A. 2005 Supp. 8-1567(f) and (g) provide that any DUI conviction after the second shall be a nonperson felony. Conviction is defined to include "being convicted of a violation of . . . an ordinance of any city, or resolution of any county, which prohibits the acts that [8-1567] prohibits . . . ." K.S.A. 2005 Supp. 8-1567(m)(2).

In *Cadoret*, the defendant was charged and convicted in municipal court of being a third-time DUI offender in violation of a Junction City ordinance. Cadoret appealed to district court and moved to dismiss the charge on the ground that his conviction as a third-time offender under the city ordinance was contrary to K.S.A. 1996 Supp. 8-1567. The district court concluded that the City lacked jurisdiction to prosecute Cadoret in municipal court and vacated the DUI charge. The City appealed, and this court affirmed the district court. If there were no other legal principles to consider on this issue, the holding and reasoning of *Cadoret* could be applied to the circumstances of the present case to conclude that, because the municipal court possessed jurisdiction to prosecute Elliott for only two DUI offenses, the third and fourth convictions were void and could not be used to enhance his current sentence.

The Court of Appeals, however, refined the State's nascent contention that *Cadoret* could not be applied retroactively in a collateral attack and considered the question whether Elliott could constitutionally attack his prior convictions. Slip op. at 12-22. The Court of Appeals' discussion centers on *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995).

Delacruz' criminal history worksheet showed three misdemeanor convictions of driving while suspended and a fourth conviction of driving while suspended, which was a felony. At issue was one of the misdemeanor convictions, in which Delacruz was uncounseled. But "the existence of two other valid convictions re-

sulting in the enhanced felony charge would be valid. See K.S.A. 8-262." 258 Kan. at 136. The court further stated:

"Yet, we must observe that even if all the defendant's misdemeanor convictions for driving while suspended were constitutionally invalid, the defendant's felony conviction for driving while suspended is valid and may be used under the KSGA as a nonperson felony for criminal history purposes. Permitting the defendant to attack the convictions giving rise to the resulting felony conviction of driving while suspended amounts to a collateral attack within a collateral attack. The time for attacking the validity of misdemeanor driving while suspended convictions was on appeal or, at least, when the convictions were used to enhance the felony driving while suspended violation. Absent evidence that the felony driving while suspended conviction was constitutionally invalid, it may be used to enhance the defendant's sentence." (Emphasis added.) 258 Kan. at 137.

As the Court of Appeals noted, Elliott's challenge, unlike Delacruz', is timely. Slip op. at 18. He is attacking the validity of his misdemeanor convictions when those convictions were to be used to enhance his sentence in the present case. He is not launching a collateral attack within a collateral attack, as was the case in *Delacruz*.

The distinction drawn by the Court of Appeals between *Delacruz* and the present case is that "Elliott challenged his prior DUI convictions based on the municipal court's lack of subject matter jurisdiction over the offenses." Slip op. at 20.

With regard to subject matter jurisdiction, the Court of Appeals correctly stated:

"It is well established that '[a]n objection based on lack of subject matter jurisdiction may be raised at any time, whether it be for the first time on appeal or even upon the appellate court's own motion. [Citation omitted.]' *Rivera v. Cimarron Dairy*, 267 Kan. 865, 868, 988 P.2d 235 (1999). Moreover, 'parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Nor can parties convey jurisdiction on a court by failing to object to its lack of jurisdiction. [Citation omitted.]' *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 814, 987 P.2d 1096 (1999). In recognizing that the failure of a state court to observe the due process right to counsel deprives the court of jurisdiction and renders the judgment void, our Supreme Court in *State v. Duke*, 205 Kan. 37, 40, 468 P.2d 132 (1970), stated: 'A judgment is always subject to collateral attack for lack of jurisdiction. (*Thorn v. Salmonson*, 37 Kan. 441, 15 Pac. 588 [1887].)'

"A judgment that is rendered with lack of jurisdiction is void. See *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983). A judgment 'void for want of

jurisdiction may be attacked at any time and may be vacated because it is a nullity.' *State v. Minor*, 197 Kan. 296, 300, 416 P.2d 724 (1966)." Slip op. at 20-21.

Here, the State argues that *Delacruz* permits a collateral attack on prior convictions used for sentence enhancement only where there has been a denial of counsel. The *Delacruz* rule does limit the right to collaterally attack prior convictions used for sentence enhancement to only those cases involving a denial of counsel as outlined in *Gideon*. 258 Kan. 129, Syl. ¶ 5. The Court of Appeals correctly pointed out, however, that the question of convictions in a court lacking subject matter jurisdiction was neither raised nor adjudicated in *Delacruz*.

The State also argues that the Court of Appeals concluded that Elliott's challenge to his prior convictions was not a collateral attack. The Court of Appeals recognized that Elliott's challenge was a collateral attack; it concluded, however, that his challenge did not constitute a collateral attack within a collateral attack because he attacked the validity of his misdemeanor DUI's when those misdemeanors convictions were to be used to enhance his sentence in the current prosecution. Delacruz' challenge, in contrast, was characterized by the court as a collateral attack within a collateral attack. The DUI statute that applies to Elliott, 8-1567, provides for enhancing sentences as a defendant's number of prior DUI convictions increases whether classified as misdemeanor or felony. The statute that applied to Delacruz, 8-262, provided that "the third charge of driving while suspended may be charged as a felony." 258 Kan. at 131. His prior felony conviction of driving while suspended, which was based on the prior misdemeanor convictions of driving while suspended, was the basis for Delacruz' criminal history classification under the sentencing guidelines. Thus, Delacruz' challenge was to his prior felony conviction on the ground that the misdemeanor convictions supporting it were invalid.

With regard to subject matter jurisdiction, the State contends that the Court of Appeals was mistaken in finding that the municipal court had subject matter jurisdiction of Elliott's prior misdemeanor DUI prosecutions. The State's argument is that the Court of Appeals misinterpreted *Cadoret*. In its concluding paragraph,

the Court of Appeals quoted the following from the court's syllabus in *Cadoret*:

"Municipalities do not have jurisdiction over and may not prosecute crimes designated as a felony by a state statute.

"Municipalities may not prosecute, pursuant to a city ordinance, the third or subsequent violations for driving under the influence of alcohol, as such crimes are designated felonies by K.S.A. 1996 Supp. 8-1567(f)." 263 Kan. 164, Syl. ¶¶ 5 and 6.

Relying on *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996), the State argues that a DUI is a felony only if the prior DUI convictions are alleged in the complaint and proven. The State's reliance on *Masterson* is misplaced. Masterson was convicted of a class B misdemeanor for a first-time DUI offense. The State appealed arguing that Masterson should have been convicted of a class A misdemeanor for a second offense because he had a prior offense the State was not aware of at the time he was charged. The court held that, as a matter of notice, the complaint/information must specifically allege the severity level of the offense being charged and, for that reason, Masterson could not be sentenced for a higher severity level offense than the one charged. 261 Kan. at 159. The court distinguished between crimes in which a prior conviction is a necessary element and crimes, such as DUI, in which a prior conviction of the same crime is considered in establishing the penalty to be imposed but held, nonetheless, that the severity level of the offense must appear in the charging document. 261 Kan. at 162-64.

Here, according to the State, the record does not show whether the complaints in Elliott's first three DUI convictions alleged prior convictions, and, because all three convictions took place on the same day, there were no prior convictions to be alleged. The State's suggestion for applying *Masterson* to the present circumstances is to require Elliott to establish that the municipal court lacked subject matter jurisdiction by producing a charging document that alleges two or more DUI convictions. In other words, it is the State's position that, in keeping with *Masterson*, the Court of Appeals could not assume from Elliott's record of four municipal court DUI convictions that the municipal court lacked subject mat-

ter jurisdiction of two of those convictions because, without a showing by Elliott that he was charged with a second-or third-or fourth-time DUI, each of the DUI convictions would be deemed to be for a first-time offense.

In *State v. Larson*, 265 Kan. 160, 958 P.2d 1154 (1998), the court clarified the language of *Masterson*. The question before the court in *Larson* was whether the State's failure to allege the crime severity level in a complaint is fatal to a valid conviction. The court held that the State's failure to plead the severity level in the complaint did not render Larson's conviction void, but instead restricted his sentence to that appropriate for a first-time offense:

"As noted in *Masterson*, the crime severity level is not an essential element of driving under the influence. The State's failure to include a crime severity level in the amended complaint does not render the conviction void. Rather, it restricts the sentence to that appropriate to a B misdemeanor, the lowest crime severity level for the offense of driving under the influence." 265 Kan. at 164.

If the severity level of the offenses did not appear in the charging documents, for sentencing purposes for the municipal court convictions, *Larson* would require that Elliott would be sentenced as if for a first-time offense for each of the four municipal convictions. But the convictions would not be rendered void. With the convictions not rendered void by the State's failure to allege the severity level in the charging document, the *number of convictions* is not affected for the purpose of classifying a violation pursuant to 8-1567.

Relying on case law, however, the State's position is that none of the four municipal court DUI convictions could have been felony convictions because the State neither alleged nor proved the prior DUI convictions, as required by *Larson* and *State v. Seems*, 277 Kan. 303, 84 P.3d 606 (2004). But the State fails to note that the "remedy" for the State's failing to establish at Seems' preliminary hearing that a felony had been committed and there was probable cause to believe that the felony had been committed by the defendant was dismissal of the charges pursuant to K.S.A. 2005 Supp. 22-2902(3). Dismissal of the charges is not the same as prosecuting the charges in municipal court contrary to 8-1567(f) or (g).

With prosecution of the charges in municipal court, the question of the lack of subject matter jurisdiction remains.

Finally, the State reiterates its position that the holding in *Cadoret*, which was decided in 1997, cannot be applied to Elliott's 1994 and 1996 municipal convictions. The State cites *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001), and *Whisler v. State*, 272 Kan. 864, 870, 36 P.3d 290 (2001).

In *Gould*, the court considered what effect *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), would have on the upward departure sentencing scheme of the Kansas Sentencing Guidelines Act and concluded that *Apprendi* rendered the statutory sentencing scheme unconstitutional. 271 Kan. at 395. The new constitutional sentencing rule established by *Apprendi* applied to all cases pending on direct appeal or which were not yet final or which arose after the date *Apprendi* was decided. 271 Kan. at 414 (citing *State v. Hood*, 242 Kan. 115, 117, 744 P.2d 816 [1987], quoting *Griffith v. Kentucky*, 479 U.S. 314, 327-28, 93 L. Ed. 2d 649, 107 S. Ct. 708 [1987]). In contrast to the new constitutional sentencing rule at issue in *Gould*, what is at issue in the present case are statutory provisions classifying third and fourth DUI convictions as felonies and the decision in *Cadoret* interpreting the statute to mean that municipalities may not prosecute third or subsequent DUI violations because they are statutorily designated as felonies. The State does not contend that the statutory provisions were not in effect at the time of Elliott's 1994 and 1996 DUI convictions. In fact, the statutory provisions were in effect at the time of Elliott's 1994 and 1996 DUI convictions. See L. 1993, ch. 291, sec. 270(f).

*Whisler*, like *Gould*, involved application of *Apprendi*. The issue was whether *Apprendi* was to be applied retroactively to the sentence that had been imposed on Whisler in 1995 and was affirmed by the Court of Appeals in 1997. The court declined to apply the new constitutional sentencing rule retroactively on collateral review. 272 Kan. 864, Syl. ¶¶ 1 and 2. *Whisler* does not stand for the principle that statutory provisions in effect at the time of convictions being collaterally attacked are not to be applied to those convictions. Nor does it stand for the principle that a decision in-

terpreting the statutory provisions is not to be applied to such convictions.

The judgments of the Court of Appeals and the district court are affirmed.