Brenden J. Long Topeka City Attorney City Hall, 215 S.E. 7th Street, Room 353 Topeka, Kansas 66603-3914
Dear Mr. Long:
You inquire regarding a recent amendment to the Kansas Code of Procedure for Municipal Courts[1] that expands the jurisdiction of a municipal court.[2]
K.S.A. 12-4104, as amended by L. 2007, Ch. 168, § 3, provides, in part:
 "(a) The municipal court . . . shall have
jurisdiction to hear and determine cases involving violations of the ordinances of the city, including concurrent jurisdiction to hear and determine a violation of an ordinance when the elements of such ordinance violation are the same as the elements of a violation of one of the following state statutes and would constitute, and be punished as, a felony if charged in district court:
 "(1) K.S.A. 8-1567 . . . driving under the influence (DUI);
 "(2) K.S.A. 21-3412a . . . domestic battery;
 "(3) K.S.A. 21-3701 . . . theft;
 "(4) K.S.A. 21-3707 . . . giving a worthless check;
 "(5) K.S.A. 65-4162 . . . possession of marijuana."
In this same legislation, the statute granting district courts exclusive jurisdiction to hear felony cases was amended, as follows:
 "K.S.A. 22-2601 is hereby amended to read as follows . . . Except as provided in K.S.A. 12-4104 . . . the district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases arising under the statutes of the state of Kansas."[3]
The impetus to expand municipal court's jurisdiction arose from the problem identified in State v. Elliott,[4] where the district court excluded, for sentencing purposes, two of Elliott's prior municipal court DUI convictions because the DUIs were categorized as felonies and, thus, the municipal court lacked jurisdiction:[5]
 "Cities are permitted to enact ordinances which also proscribe operating a vehicle while under the influence of alcohol. K.S.A. 8-1567(o)(1). However, these ordinances may not impose penalties that are harsher or more lenient than those penalties provided for in the state statute. Id. K.S.A. 8-1567 provides that any DUI conviction after the second such conviction will be considered a felony. K.S.A. 8-1567(f)-(g). Though municipal courts are permitted to prosecute those who drive under the influence of alcohol, they lose jurisdiction over the crime when prior convictions elevate it to a felony under state law. K.S.A. 22-2601; City of Junction City v. Cadoret, 263 Kan. 164, 174 (1997)."[6]
The proponents of 2007 Senate Bill 31 (SB 31)[7] explained the difficulty of municipal courts ascertaining whether a defendant has multiple convictions for DUI and other crimes carrying enhanced penalties for repeated violations and, even then, whether the convictions were secured without counsel or waiver of counsel.[8]
Unless a defendant revealed prior DUIs, a municipal court could be unaware that it was dealing with a third time offender and sentence the latter as a first time offender. If the offender was later prosecuted in district court for another DUI and it was determined that the municipal court heard a case involving what was, in actuality, a third DUI, a district court would, under Elliott, exclude the municipal court conviction.[9]
As originally introduced, SB 31 expanded municipal court jurisdiction for certain ordinance violations that, based on the number of prior convictions, could have been charged as felonies in the district court.[10] However, the bill limited this enhanced jurisdiction to cases where the prior conviction(s) were without counsel or where the prosecutor was unable to obtain certified copies of a conviction record.[11]
When SB 31 was considered by the House Judiciary Committee, the latter amended the bill by removing the conditions required for exercising the enhanced jurisdiction. Thus, it appears that municipal courts now have concurrent jurisdiction with district courts to hear certain ordinance violations that previously would have had to have been charged in district court as felonies.
With this background in mind, we address your first question whether the conclusion reached in State v. McAdam[12] affects a municipal court's jurisdiction to hear third and subsequent ordinance violations pursuant to SB 31.
In McAdam, the defendant alleged that he was illegally sentenced for conspiracy to unlawfully manufacture methamphetamine which carried a stiffer penalty than the penalty for compounding a stimulant. The Kansas Supreme Court, citing State v. Nunn,[13] concluded that where two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime can only be sentenced under the lesser penalty provision.
McAdam involved two crimes classified as felonies and, therefore, there was no issue regarding the district court's jurisdiction. SB 31 grants to municipal courts subject matter jurisdiction with regard to certain criminal conduct that could be prosecuted as a felony in district court. Convictions of such ordinances will be misdemeanor convictions — not felony convictions. Accordingly, McAdam has no application.
You also inquire whether the Legislature can retroactively confer jurisdiction on municipal court for DUI ordinance violations committed on or after July 1, 2006.
SB 31 amends the DUI law, K.S.A. 2006 Supp. 8-1567,[14] as follows:
 (o)(1) "Nothing contained in this section [the DUI law] shall be construed as preventing any city from enacting ordinances . . . declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city . . . and prescribing penalties for violation thereof. Except as specifically provided by this subsection, the minimum penalty prescribed by any such ordinance . . . shall not be less than the minimum penalty prescribed by this act for the same violation, and the maximum penalty in any such ordinance . . . shall not exceed the maximum penalty prescribed for the same violation. On and after the effective date of this act[15] and retroactive for ordinance violations committed on or after July 1, 2006, an ordinance may grant to a municipal court jurisdiction over a violation of such ordinance which is concurrent with the jurisdiction of the district court over a violation of this section, notwithstanding that the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished, as a felony.[16]
The general rule is that statutes operate prospectively unless there is clear language indicating the legislature intended otherwise.[17] The plain language of this provision indicates that the Legislature intended that it operate retroactively. Moreover, another exception to the rule that statutes operate prospectively exists when an amendment affects a court's subject matter jurisdiction[18] — which is the case here.
While the Legislature has authorized retroactive jurisdiction, such jurisdiction is triggered only under the following circumstances: (1) the ordinance violation occurred on or after July 1, 2006; and (2) the city has enacted an ordinance subsequent to July 1, 2007 giving its municipal court jurisdiction over third and subsequent DUI ordinance violations.
You describe in your letter a scenario involving a hypothetical defendant arrested for DUI after July 1, 2006 who pleads guilty in municipal court to a first time DUI but is never sentenced because the City discovers during the presentence investigation that the defendant has two previous DUI convictions. The City dismisses the charge which is then appealed by the defendant to the district court. The latter determines that jurisdiction exists and remands the matter to municipal court for sentencing as a first time DUI. The municipal court refuses to sentence. Assuming the city enacts an ordinance pursuant to SB 31, you inquire whether the municipal court can now sentence the defendant as a third time offender.
As hypothetical questions generally involve a number of variables and assumptions, including, in this case, the verbiage of an ordinance yet to be enacted, we decline to consider your query.
Summarizing, it is our opinion that municipal courts have subject matter jurisdiction to hear certain ordinance violations that could be prosecuted as felony crimes in district court. Convictions under such ordinances will be misdemeanor convictions — not felony convictions. Moreover, a municipal court has jurisdiction in third and subsequent driving under the influence (DUI) violations where: (1) the ordinance violation occurred on or after July 1, 2006; and (2) the city has enacted an ordinance subsequent to July 1, 2007 giving its municipal court jurisdiction over third and subsequent DUI ordinance violations.
Sincerely,
Paul J. Morrison Attorney General
Mary Feighny Deputy Attorney General
[1] K.S.A. 12-4101 et seq.
[2] K.S.A. 12-4104, as amended by L. 2007, Ch. 168, § 3.
[3] L. 2007, Ch. 168, § 4 (emphasis added.)
[4] 281 Kan. 583 (2006).
[5] K.S.A. 2006 Supp. 8-1567(f)(g); City of Junction City v.Cadoret, 263 Kan. 164 (1997).
[6] 281 Kan. at 585.
[7] Codified at L. 2007, Ch. 168.
[8] Minutes, Senate Judiciary Committee, January 17, 2007, Attachment 2 (Testimony of Municipal Court Judge Karen Arnold-Burger.)
[9] Id. Minutes, House Judiciary Committee, February 28, 2007, Attachment 2.
[10] K.S.A. 22-2601.
[11] SB 31, as amended by Senate Committee on Judiciary.Minutes, Senate Judiciary Committee, January 17, 2007 January 24, 2007. The court also had jurisdiction where the ordinance violation could have been charged as a felony in the district court due to an enhancement based upon the dollar amount of damages or loss if the county/district attorney denied felony prosecution.
[12] 277 Kan. 136 (2004).
[13] 244 Kan. 207 (1989).
[14] The Legislature amended K.S.A. 2006 Supp. 8-1567 twice during the 2007 session. See L. 2007, Ch. 181, § 9.
[15] July 1, 2007.
[16] Emphasis added.
[17] In re Care Treatment of Hunt, 32 Kan.App.2d 344, 358
(2004).
[18] Landgraf v. USI Film Products, 511 U.S. 244, 128 L.Ed.2d 229, 114 S.Ct. 1483 (1994).