No. 71,969

STATE OF KANSAS, *Appellee*, v. JOE DELACRUZ, *Appellant*.

(899 P.2d 1042)

Opinion filed July 14, 1995.

*Kurt P. Kerns*, of Redmond, Redmond, & Nazar of Wichita, argued the cause and was on the brief for appellant.

*Don L. Scott*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case involves the use of prior uncounseled misdemeanor convictions to establish a defendant's criminal history under the Kansas Sentencing Guidelines Act (KSGA). The questions raised by this appeal are twofold: When and to what extent may such convictions be used and under what circumstances may a defendant collaterally attack (1) the convictions which enhance a sentence under the KSGA and (2) the underlying misdemeanor convictions which cause a conviction considered by the sentencing judge under the criminal history portion of the KSGA to be a felony instead of a misdemeanor.

The defendant, Joe Delacruz, pled guilty to a single count of sale of marijuana, a severity level 3 felony charge under the Kansas Sentencing Guidelines. The defendant's criminal history worksheet included the following information on three misdemeanor battery convictions, all involving the defendant and his wife:

1. April 13, 1992, a municipal court uncounseled misdemeanor battery conviction based on the defendant's plea of guilty; fine imposed and no jail sentence.

2. March 29, 1993, a municipal court uncounseled misdemeanor battery conviction based on the defendant's plea of guilty; fine imposed and no jail sentence.

3. March 29, 1993, a municipal court uncounseled misdemeanor battery conviction based on the defendant's plea of guilty; fine of $121 and sentence of 90 days in jail with the requirement to serve 30 days.

In accord with K.S.A. 1994 Supp. 21-4711(a), which provides that three prior adult person misdemeanor convictions in the offender's criminal history shall be rated as one adult person felony conviction for criminal history purposes, the defendant's three prior misdemeanor convictions were converted to one adult conviction of a person felony. The defendant contends that his uncounseled misdemeanor battery convictions may not be used to enhance his sentence.

The defendant's criminal history worksheet also contained one felony conviction of driving while suspended and three misdemeanor convictions of driving while suspended:

1. May 20, 1986, Amarillo, Texas, municipal court, misdemeanor conviction of driving while suspended.

2. July 13, 1988, Seward County District Court, misdemeanor conviction of driving while suspended.

3. August 3, 1988, Liberal, municipal court, misdemeanor conviction of driving while license suspended.

4. September 14, 1989, Seward County District Court, felony conviction of driving while suspended. The defendant was represented by counsel.

K.S.A. 8-262 provides that the third charge of driving while suspended may be charged as a felony, and this was done in this case. The defendant argued that enhancement of his sentence under the KSGA resulted, in part, because of an uncounseled misdemeanor conviction for driving while suspended. He further argues that all other misdemeanor convictions for driving while suspended, even though he was counseled or waived his right to counsel, resulted from guilty pleas that were not knowingly entered.

Based upon the defendant's criminal history of one person felony (three misdemeanor battery convictions) and one nonperson felony

(one felony driving while suspended), the defendant's criminal history was classified C under the KSGA, and he was sentenced to 40 months' imprisonment with a post-release supervision period of 24 months. Without the two prior felonies, the defendant would have been classified 3 H or 3 I under the sentencing guidelines with an optional nonprison sentence possible for his conviction of sale of marijuana involving less than 500 grams. See K.S.A. 1994 Supp. 21-4705(c).

## USE OF UNCOUNSELED MISDEMEANORS UNDER THE KANSAS SENTENCING GUIDELINES

In *Scott v. Illinois*, 440 U.S. 367, 59 L. Ed. 2d 383, 995 S. Ct. 1158 (1979), the United States Supreme Court held that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated; a defendant charged with a misdemeanor does not necessarily have a constitutional right to counsel. *Scott* was based upon an earlier case recognizing that actual imprisonment was a penalty different in kind from fines or threats of imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 530, 92 S. Ct. 2006 (1972). Thus, actual imprisonment has been the line defining the constitutional right to appointment of counsel in misdemeanor convictions. *Scott*, 440 U.S. at 373-74.

One year after deciding *Scott*, the United States Supreme Court considered the question of whether prior uncounseled misdemeanor theft convictions not involving imprisonment may be used to enhance a subsequent misdemeanor theft to a felony under an Illinois enhancement statute providing that a second conviction for such an offense may be treated as a felony punishable by imprisonment for one to three years. *Baldasar v. Illinois*, 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, *reh. denied* 447 U.S. 930 (1980).

*Baldasar* held that a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat offender statute. 446 U.S. at 228. The United States Supreme Court, in a five-to-four plurality decision, reasoned that the Illinois prison term imposed for the felony theft violated *Scott* because the defendant had been sen-

tenced to an increased term of imprisonment only because he had been convicted in a previous prosecution in which he had not had the assistance of appointed counsel in his defense. 446 U.S. at 224.

This court faced a similar issue in *State v. Priest*, 239 Kan. 681, 722 P.2d 576 (1986). Priest had completed a driving while under the influence (DUI) diversion program. The record failed to show that she had been represented by counsel in this diversion agreement. Priest was then charged with a second DUI and, with the assistance of counsel, entered a plea of no contest to the second charge. The court sentenced the defendant as a first-time offender because there was no showing she had been represented by counsel in her first diversion agreement. We noted that a successfully completed DUI diversion agreement and program had the same effect as a conviction for DUI when a sentence is enhanced be cause of the second conviction for DUI.

*Priest* raised the question of whether a prior, uncounseled DUI misdemeanor conviction may be used to enhance the sentence for a subsequent DUI conviction. We held that in the absence of dem onstrating that the defendant was represented by counsel or waived counsel in the first case, the defendant must be sentenced as a first-time offender. In reaching this result, we cited *State v. Oehm*, 9 Kan. App. 2d 399, 680 P.2d 309 (1984), a Court of Appeals decision reaching the same result. We noted that the Court of Appeals in *Oehm* relied on the following United States Supreme Court cases in reaching its result: *Argersinger v. Hamlin*, 407 U.S. 25; *Baldasar v. Illinois*, 446 U.S. 222; *Scott v. Illinois*, 440 U.S. 367. Our decision in *Priest* and the Court of Appeals decision in *Oehm* are based upon *Baldasar*.

Recently, in *Nichols v. United States*, 511 U.S. 738, 128 L. Ed. 2d 745, 114 S. Ct 1921 (1994), the United States Supreme Court revisited the *Baldasar* decision. In *Nichols*, the defendant objected to the inclusion of a DUI misdemeanor conviction in his criminal history score under federal guidelines because he was not represented by counsel. The inclusion of this conviction increased the defendant's criminal history category from category II to category III, or from 168-210 months to 188-235 months. He maintained that consideration of that uncounseled misdemeanor would violate

the Sixth Amendment as construed in *Baldasar*. 128 L. Ed. 2d at 750.

After a thorough discussion of the evolving case law, *Nichols* concluded that *Scott v. Illinois*, holding that the Sixth Amendment right to counsel in criminal misdemeanor proceedings is constitutionally mandated where the defendant is incarcerated, is constitutionally sound. However, the United States Supreme Court overruled *Baldasar*, holding that an uncounseled conviction valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense even though the later sentence entails imprisonment. 511 U.S. at 748.

In this case, the defendant acknowledges the ruling in *Nichols*, but argues that Kansas is free to provide greater safeguards to its citizens than required by the United States Constitution. His primary argument is that this court should take steps to require that courts decrease the risk of unreliability stemming from uncounseled convictions.

In response to similar arguments and as its rationale for overruling *Baldasar*, *Nichols* states:

"We adhere to that holding today [in *Scott v. Illinois*], but agree with the dissent in *Baldasar* that a logical consequence of the holding is that an uncounseled conviction valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction. As pointed out in the dissenting opinion in *Baldasar*, '[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant. *E.g., Moore v. Missouri*, 159 U.S. 673, 677[, 40 L. Ed. 301, 16 S. Ct. 179] (1895); *Oyler v. Boles*, 368 U.S. 448, 451[, 7 L. Ed. 2d 446, 82 S. Ct. 501] (1962).' 446 U.S., at 232[, 64 L. Ed. 2d 169, 100 S. Ct. 1585].

"Reliance on such a conviction is also consistent with the traditional understanding of the sentencing process, which we have often recognized as less exacting than the process of establishing guilt. As a general proposition, a sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' *United States v. Tucker*, 404 U.S. 443, 446[, 30 L. Ed. 2d 592, 92 S. Ct. 589] (1972). 'Traditionally, sentencing judges have considered a wide variety of factors in addition to evidence of guilt in determining what sentence to impose on a convicted defendant.' *Wisconsin v. Mitchell*, 508 U.S. 476, 485[, 124 L. Ed.

2d 436, 113 S. Ct. 2194] (1993). One such important factor, as recognized by state recidivism statutes and the criminal history component of the Sentencing Guidelines, is a defendant's prior convictions. "Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior. We have upheld the constitutionality of considering such previous conduct in *Williams v. New York*, 337 U.S. 241[, 93 L. Ed 1337, 69 S. Ct. 1079] (1949). We have also upheld the consideration of such conduct, in connection with the offense presently charged, in *McMillan v. Pennsylvania*, 477 U.S. 79[, 91 L. Ed. 2d 67, 106 S. Ct. 2411] (1986). There we held that the state could consider, as a sentence enhancement factor, visible possession of a firearm during the felonies of which defendant was found guilty." 511 U.S. at 747-48.

The defendant argues that uncounseled misdemeanor offenses are unreliable when used to enhance a sentence resulting in imprisonment. He cites to his own pleas to charges of battery before a municipal court, not a court of record, and contends that often times in such cases, defendants do not appear before a judge. He raises the specter of the high volume municipal court concerned only with moving cases and not with advising the defendants appearing before such courts. His argument is that to insure reliability, counsel should be involved, and if it cannot be established that either counsel was present and assisted or counsel was waived, the resulting conviction may never be used in criminal history provisions under the Kansas Sentencing Guidelines or recidivist statutes.

We agree with the rationale expressed in *Nichols*. We conclude the use of an uncounseled misdemeanor conviction that does not result in incarceration may be used in determining a defendant's criminal history under the Kansas Sentencing Guidelines even though it has the effect of enhancing his or her sentence under the guidelines. See *Nichols v. United States*, 511 U.S. 738. Prior uncounseled misdemeanor convictions under *Scott* are constitutional where no jail time is imposed. If such convictions are constitutional, those convictions should and do remain constitutional in subsequent proceedings under the KSGA. Moreover, municipal judges in Kansas are trained and tested by the Kansas Supreme Court in its supervisory responsibilities over the Kansas Judicial Branch of government. The factory analogy hardly seems appropriate when

referring to Kansas municipal courts. While the uncounseled misdemeanor is used to enhance the present sentence, the sentence imposed does not increase the penalty for that misdemeanor, and the defendant is being punished based on his current charge—a charge and proceeding where he is represented by counsel.

We agree with and adopt the rationale in *Nichols*. To the extent that our decision in *Priest* and the Court of Appeals' decision in *Oehm* conflict with our decision in this case, they are overruled.

Applying our ruling to the facts of this case requires us to remand to the district court with directions. One of the defendant's uncounseled misdemeanor battery convictions which was used in recording a person felony in the defendant's criminal history resulted in a 90-day jail sentence, 30 days of which the defendant served. The record is silent whether the defendant was represented by counsel, and there is no showing that the defendant waived his right to counsel. If the State is unable to produce evidence under the provisions of K.S.A. 1994 Supp. 21-4715(c) that the defendant was either represented by counsel or waived counsel, this misdemeanor battery conviction resulting in jail time is unconstitutional under *Scott* and may not be used in the defendant's criminal history under the KSGA. In this event, there would only be two prior adult person misdemeanor convictions. K.S.A. 1994 Supp. 21-4711(a) would, therefore, not apply, and the use of one person felony for criminal history purposes would not be valid. Accordingly, the district court, under those circumstances, would be required to vacate the defendant's sentence and impose a new sentence consistent with this opinion.

## CIRCUMSTANCES JUSTIFYING COLLATERAL ATTACK

Nothing in our decision requires that the defendant's one non-person felony for criminal history purposes be changed. The defendant had three misdemeanor driving while suspended convictions, two of which were either counseled or counsel was waived. Thus, even if we were to address the defendant's argument concerning his uncounseled misdemeanor conviction for driving while suspended, the existence of two other valid convictions resulting in the enhanced felony charge would be valid. See K.S.A. 8-262.

Yet, we must observe that even if all the defendant's misdemeanor convictions for driving while suspended were constitutionally invalid, the defendant's felony conviction for driving while suspended is valid and may be used under the KSGA as a nonper son felony for criminal history purposes. Permitting the defendant to attack the convictions giving rise to the resulting felony conviction of driving while suspended amounts to a collateral attack within a collateral attack. The time for attacking the validity of misdemeanor driving while suspended convictions was on appeal or, at least, when the convictions were used to enhance the felony driving while suspended violation. Absent evidence that the felony driving while suspended conviction was constitutionally invalid, it may be used to enhance the defendant's sentence.

One other contention of the defendant needs to be addressed. In dealing with his previous misdemeanor convictions for driving while suspended, the defendant contended before the trial court that although at least two were counseled or he waived counsel, his pleas in all cases were improvidently entered because they were not voluntary. Although we have disposed of this contention by concluding that a collateral attack within a collateral attack will not be permitted, the defendant raises the question as to when and under what circumstances a defendant will be permitted to collaterally attack a conviction being used for enhancement purposes in subsequent proceedings. As we have said above, if the defendant's conviction was uncounseled and the defendant was sentenced to jail time, the conviction may not be used in any subsequent proceeding.

The United States Supreme Court in *Custis v. United States*, 511 U.S. 485, 128 L. Ed. 2d 517, 114 S. Ct. 1732 (1994), dealt with collateral attacks upon prior convictions. In *Custis*, a defendant's federal sentence was enhanced based on three prior state felony convictions. Instead of the usual penalty of 10 years for possession of a firearm by a felon, based on three previous felony convictions, the defendant was sentenced to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole. The defendant argued that in two of his previous state felony convictions, he had received ineffective assistance of counsel and that the

convictions in those cases could not be used for sentence enhancement.

Custis argued that the Constitution required that he be allowed to collaterally attack the two prior felonies. He relied on *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), and *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972), both of which decisions relied upon the Court's earlier decision of *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963). *Gideon* held that the Sixth Amendment required that an indigent defendant in state court proceedings have counsel appointed for him. See 372 U.S. at 343-45.

In addressing the defendant's concerns, the Court traced the history of the Sixth Amendment right to counsel decisions, concluding that the admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon* is inherently prejudicial and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of *Gideon*. 128 L. Ed 2d at 527. However, Custis asked that the Court extend the right to collaterally attack prior convictions used for sentence enhancement beyond the right to have appointed counsel, as established in *Gideon*. In response, the Court said:

"We decline to do so. We think that since the decision in *Johnson v. Zerbst* more than half a century ago, and running through our decisions in *Burgett* and *Tucker*, there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a 'stipulated facts' trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. *Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 ALR 357 (1938)." 128 L. Ed. 2d at 528.

*Custis* points to two other reasons that the collateral attack on previous convictions is limited to those cases involving a denial of counsel as outlined in *Gideon*. First, there is an interest in promoting ease of administration. The determination of claims of ineffective assistance of counsel and failure to assure that a guilty plea was voluntary would require sentencing courts, when considering previous convictions under federal sentencing guidelines, to

rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era. Second, there is an interest in promoting the finality of judgments:

"By challenging the previous conviction, the defendant is asking a district court 'to deprive [the state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t].' [*Parke v. Raley*, 506 U.S. 20,] 30, 121 L. Ed. 2d 391, 113 S. Ct. 517. These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.' *United States v. Timmreck*, 441 U.S. 780, 784, 60 L. Ed. 2d 634, 99 S. Ct. 2085 (1979)." 128 L. Ed. 2d at 529.

We agree with and adopt the rationale in *Custis*. The defendant argues, in this case, that all of his prior misdemeanor convictions should not be used because of inadequate plea colloquies. He contends that he was not informed of his rights regarding his guilty pleas and his pleas were not knowingly and intelligently made. Under *Custis*, the defendant's prior misdemeanor convictions, with the single exception of the battery misdemeanor conviction resulting in jail time, would not be subject to collateral attack. As the United States Supreme Court indicated in *Custis*, allowing a collateral attack on prior convictions on the basis of inadequate plea colloquies would force the sentencing court to look behind every conviction with practically no record to rely on. On the other hand, the defendant's conviction which resulted in jail time was apparently uncounseled and constitutionally invalid under both *Scott* and *Gideon*. Thus, the record raises a *Gideon* constitutional denial of counsel issue and is, therefore, subject to collateral attack. As stated earlier in this opinion, we remand to the district court for a hearing on the question of whether such a conviction may be used in establishing the defendant's criminal history under the KSGA.

## HEARING ON CRIMINAL HISTORY

Finally, the defendant contends that he was given no opportunity to present evidence that would have shown that his prior misdemeanor battery convictions were uncounseled or that all of his misdemeanor convictions were the result of inadequate plea colloquies. He argues that he was entitled to a hearing concerning his criminal history.

K.S.A. 1994 Supp. 21-4715(c) provides that when a defendant objects to any part of the criminal history, the State has the burden to come forth with further evidence to establish the disputed portion of the criminal history by a preponderance of the evidence. The fact that the statute uses this preponderance of the evidence standard indicates that the defendant should also be given the opportunity to present evidence regarding criminal history.

In this case, the defendant proffered testimony that he had not waived counsel or been advised of the effects of his guilty plea, as well as records provided by the State which did not indicate that he had received counsel in a previous misdemeanor conviction resulting in jail time. This proffer appears to have been disregarded. The court said:

"The Defendant has presented no evidence that the Municipal Court Judge has not followed the law, and this Court must presume that all proceedings therein were proper and that the laws of Kansas were followed absence [*sic*]] some cred itable [*sic*] evidence to the contrary."

It is not clear whether the district court did not consider the proffered evidence or whether it found the proffered evidence not to be credible. However, under K.S.A. 1994 Supp. 21-4715(c), the State must establish the convictions by a preponderance of the evidence, and the court cannot simply presume that all of the ac tions of the municipal court followed the law. In this case one of the defendant's convictions for misdemeanor battery resulted in jail time. Before this conviction may be included in the defendant's criminal history, either the record must demonstrate that the de fendant was represented by counsel or that the defendant waived counsel, or the State must establish by a preponderance of evi dence that the defendant was represented by counsel or waived counsel.

The defendant's conviction is affirmed. The record in this case is silent on the issue of whether the defendant was represented by counsel in the misdemeanor battery conviction resulting in jail time. The case is remanded to the district court for a hearing on the issue of whether the defendant was afforded counsel in his previous misdemeanor battery conviction resulting in jail time or waived the right to counsel on this conviction. If the State is unable

to establish by a preponderance of the evidence that the defendant was represented or that he waived counsel, the battery conviction may not be included in the defendant's criminal history. Under these circumstances, the district court must vacate the defendant's sentence and resentence the defendant without consideration of the one person felony previously used in classifying the defendant under the KSGA.

Conviction affirmed and case remanded with directions.