NOT DESIGNATED FOR PUBLICATION

No. 123,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN WAYNE COX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed November 24, 2021. Affirmed.

*Judd L. Herbster*, of Herbster Law Firm, L.L.C., of Prairie Village, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: Stephen Wayne Cox pleaded guilty to aggravated battery and later moved to withdraw the plea, which the district court denied. Cox filed a motion to reconsider the denial, which the district court also denied. Prior to sentencing, Cox objected to the validity of certain municipal convictions contained within his criminal history and filed a motion asking the judge to recuse. Both motions were denied. Cox now appeals the denials of all these motions. Because Cox has failed to show that error occurred in the denial of the motions, the decisions of the district court are affirmed.

1

In May 2016, the State charged Cox with aggravated battery, aggravated assault, and criminal damage to property. He entered a not guilty plea and the court set the case for trial. On the morning of trial, Cox accepted the State's plea offer and pleaded guilty to aggravated battery.

*Post-plea filings*

### 1.     *Motion to Withdraw Plea*

Shortly before the scheduled sentencing hearing and at Cox's request, defense counsel withdrew as his attorney. Cox retained new counsel and moved to withdraw his guilty plea. He argued that his prior counsel pressured him into entering the plea. The State countered that Cox had simply changed his mind which did not rise to the level of good cause to withdraw his plea.

The district court conducted a hearing to determine whether to allow Cox to withdraw his plea. At the hearing, Cox's prior counsel testified that the State agreed to recommend that Cox serve 162 months in prison, and he planned to argue for both durational and dispositional departures. He further testified that he informed Cox it was possible he could persuade the judge to impose a departure sentence by arguing that "based upon the facts of the case, that [Cox] saw a guy with his significant other, and how emotions sometimes get the better of you" in those situations. Prior counsel acknowledged that the argument was a long shot, but he still thought there was at least a possibility of success. He also testified that he explained to Cox that they needed to convince the judge there were substantial and compelling reasons for a departure.

Cox's new counsel argued that prior counsel's explanations were insufficient. He asserted that Cox was "hopeful, based on conversations with defense counsel, that there

2

would be a departure, but there was little or no conversation about how a departure would actually happen." His new counsel proposed that the court, upon acceptance of a guilty plea, should be required to inform defendants that they must show substantial and compelling reasons to obtain a downward departure. He also argued that since Cox was unaware of the improbability of receiving a downward departure, he had established good cause to allow withdrawal of his plea.

The court found that Cox's plea was knowingly and voluntarily given and denied his motion to withdraw.

### 2. Motion to Challenge Criminal History

Cox also challenged his criminal history score. He argued that his two misdemeanor convictions from 2014 should not be used to calculate his criminal history because the court in those cases neglected to advise him of his right to trial, the State's burden of proof at trial, his right not to testify, his right to confront witnesses, his right to use subpoena power, and the maximum penalty for the charges he faced.

The court held a hearing on the matter and Cox reiterated that the challenged convictions were infirm because at the plea hearing there was "no discussion of the charges, possible sentence, a factual basis, or anything else." Thus, since the pleas were improper, the State should be barred from including them in his criminal history report.

The court denied Cox's motion. In so doing, it found that Cox's counsel entered the 2014 pleas for him, which the statute permits. See K.S.A. 2020 Supp. 22-3210(a)(1). And since the convictions were never overturned on appeal, they were properly included as part of Cox's criminal history score.

3

*3.    Motion to Recuse Judge*

Following the hearings on the plea withdrawal and criminal history score, Cox asserted that the presiding judge in the case should recuse himself. As support for his contention, Cox argued that his prior attorney's statements at the plea withdrawal hearing were "extremely prejudicial" to his request for a sentencing departure. And since the presiding judge reviewed the transcript from that hearing to analyze Cox's motion to reconsider the denial of his request to withdraw his plea, then the presiding judge could not be unbiased when weighing Cox's request for a departure at sentencing.

The judge denied the motion and asserted that he did not recall any prejudicial statements that Cox's prior counsel might have made. He also stated that even if he did remember the remarks, that would not provide sufficient grounds for recusal because they were likely invited error. Cox sought review from the chief judge in accordance with statutory directives. That judge also declined to find Cox's case presented adequate grounds for recusal.

Cox then timely filed this appeal to bring his issues before us to resolve.

ANALYSIS

DID THE COURT ERR WHEN IT DENIED COX'S PRESENTENCING MOTION TO WITHDRAW HIS GUILTY PLEA?

In his first claim of error, Cox contends the district court abused its discretion when it denied his presentence motion to withdraw his guilty plea because, at the time he entered his plea, he was "unaware of trial counsel's actual dim view of the merits and likelihood of a departure sentence."

K.S.A. 2020 Supp. 22-3210(d)(1) gives district courts discretion to allow defendants to withdraw guilty pleas before sentencing when good cause exists to do so. Kansas appellate courts review these decisions for an abuse of discretion. *State v. Edwards*, 309 Kan. 830, 836, 440 P.3d 557 (2019). In determining whether good cause exists, courts consider three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Guilty pleas must be knowingly and voluntarily made. See *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). But mistaken subjective impressions of the plea deal, without substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds on which to vacate a guilty plea. *State v. Harned*, 281 Kan. 1023, 1043, 135 P.3d 1169 (2006).

In *State v. Johnson*, 307 Kan. 436, 410 P.3d 913 (2018), the Kansas Supreme Court dealt with an argument like what Cox presents to us. In that case, Johnson argued his attorney coerced him into entering a plea by telling him the State would not oppose probation as part of the deal. But the court pointed to the transcript of the plea hearing, where the prosecutor told the district court he would, in fact, oppose probation at sentencing. The district court then asked the defendant and his attorney if they agreed with the prosecutor's rendition of the plea deal, and they both affirmed. The Supreme Court held that this exchange highlighted that Johnson had a chance to clarify his understanding of the plea agreement prior to entering the plea and he opted not to do so. 307 Kan. at 446.

Here, the district court also turned to the plea hearing transcript for guidance in arriving at its decision. In the eyes of the judge, that transcript established that Cox was clearly advised that the sentencing court was not bound by the sentencing recommendations in the plea agreement and Cox stated that he understood that reality. If

5

Cox truly believed that a downward departure was guaranteed, he could have either questioned the court at that point or asked to speak with his attorney. Instead, he acknowledged that he understood the district court's power to reject counsel's arguments for a departure and moved forward with his guilty plea. While Cox may have held a subjective belief that his counsel's arguments would prevail, there is no escaping the fact that the district court properly advised him that it had the discretion to reject those arguments. See *Harned*, 281 Kan. at 1043 (subjective beliefs about a plea deal cannot provide good cause for a plea withdrawal). The record before us reflects that Cox voluntarily entered his plea with a full understanding of its possible consequences. The district court properly exercised its discretion when it found there was not good cause to allow Cox to withdraw his plea. The decision of the district court is affirmed.

DID THE DISTRICT COURT ERR WHEN IT DENIED COX'S CHALLENGE TO HIS CRIMINAL HISTORY?

Cox's second argument consists of a claim that his two 2014 misdemeanor convictions should be excluded from his criminal history worksheet. In support of his claim, he contends that the court in those cases violated K.S.A. 22-3210, which outlines the mandatory framework courts should follow during plea hearings. The State counters that Cox is procedurally barred from raising the issue.

The State contends that the holdings in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995), direct the resolution of this issue. We agree. In *Custis*, the defendant argued that the district court should not have used two of his prior convictions to enhance his sentence because his counsel in those cases rendered deficient representation. Custis relied on *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), for relief because the *Burgett* Court held that prior uncounseled convictions could not be used to enhance a defendant's criminal history score. 389 U.S. at 114. But the *Custis* Court

6

declined to extend the *Burgett* rule and held that courts may use prior convictions to enhance criminal penalties, even if the prior convictions were legally flawed, so long as the defendant was represented by counsel. 511 U.S. at 496. In *Delacruz*, 258 Kan. at 137, the Kansas Supreme Court adopted the *Custis* rule when Delacruz similarly argued that certain of his prior convictions should be excluded from his criminal history because his pleas were made involuntarily. The court wrote that Delacruz' proposed rule would "require sentencing courts . . . to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era." 258 Kan. at 138-39. The court also found that adopting Delacruz' argument would blunt the finality of a court's judgments. 258 Kan. at 139.

Cox argues that review of his claim is permissible under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In that case, the court found that the question of whether a prior conviction was properly classified as a person felony raised a purely legal issue, capable of resolution at any time under K.S.A. 22-3504, *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See *Dickey*, 301 Kan. at 1025. Cox contends this holding establishes a pathway for our court to review whether the court complied with K.S.A. 22-3210 in Cox's 2014 cases.

But Cox's case is more in alignment with *Delacruz* and its progeny. For example, in *State v. Kleypas*, 305 Kan. 224, 382 P.3d 373 (2016), the defendant argued that a prior conviction should have been excluded from his criminal history because, before trial in that case, the court failed to properly inquire into his competence to waive his right to trial. In rejecting this argument, the *Kleypas* court applied the rule from *Custis* and *Delacruz* and held that defendants could not collaterally attack prior convictions that appear in their criminal history unless those convictions were uncounseled. 305 Kan. at 327-28.

The issue raised by Cox, challenging the efficacy of the court's guidance at his earlier plea hearings, essentially invites us to examine the transcripts from those past hearings. But this is the very thing *Delacruz* warned against. Application of *Custis* and *Delacruz* is appropriate here. We acknowledge that the district court took a different tack and denied Cox's challenge to his criminal history upon finding that because counsel legitimately entered the pleas on behalf of defendant, and those convictions did not get overturned on appeal, then their inclusion in his criminal history was appropriate. Even still, we can and do affirm the district court's denial of Cox's criminal history challenge as right for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

WHETHER THE DISTRICT COURT ERRED WHEN IT DENIED COX'S REQUEST FOR THE PRESIDING JUDGE TO RECUSE HIMSELF?

Cox's final claim is that the presiding judge erred when he declined to recuse himself from the case. Cox argues that prior counsel's testimony at the plea withdrawal hearing regarding the viability of his downward departure argument was "extremely prejudicial" and "created a reasonable doubt" about the judge's ability to remain impartial during Cox's upcoming sentencing proceeding.

Appellate courts exercise de novo review over whether a trial court judge's recusal is required. *State v. Moyer*, 306 Kan. 342, 369-70, 410 P.3d 71 (2017) (addressing recusals based on due process and statutory factors). A judge is impartial when there is no reasonable doubt about the judge's impartiality in the mind of a reasonable person with knowledge of all the circumstances. *State v. Sawyer*, 297 Kan. 902, 908, 305 P.3d 608 (2013). Previous rulings of a trial judge, even erroneous ones, are not alone sufficient to show the required bias or prejudice to disqualify a judge. *State ex rel. Miller v. Richardson*, 229 Kan. 234, 238, 623 P.2d 1317 (1981). An appellate court should find that

"[d]isqualification of a judge is appropriate when the circumstances and facts of the case 'create reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself, or even, necessarily, in the mind of the litigant filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances.'" *State v. Schaeffer*, 295 Kan. 872, 876, 286 P.3d 889 (2012).

K.S.A. 20-311d outlines the specific framework which allows litigants to seek a change of the judge assigned to his or her case. In addition, "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Supreme Court Rule 601B, Canon 2, Rule 2.11 (2021 Kan. S. Ct. R. 493). The Kansas Code of Judicial Conduct also requires that "[a] judge shall uphold and apply the law and shall perform all duties of judicial office fairly and impartially." Rule 2.2 (2021 Kan. S. Ct. R. 487).

A litigant may assert at least three substantive bases for a judge's recusal: (1) the statutory factors set forth in K.S.A. 20-311d(c); (2) the standards of the Kansas Code of Judicial Conduct; and (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Moyer*, 306 Kan. at 370; see Supreme Court Rule 601B, Kansas Code of Judicial Conduct (2021 Kan. S. Ct. R. 477).

The claim Cox asks us to review arises out of the statutory factors, which provide:

"(c) Grounds which may be alleged as provided in subsection (b) for change of judge are that:
(1) The judge has been engaged as counsel in the action prior to the appointment or election as judge.
(2) The judge is otherwise interested in the action.
(3) The judge is related to either party to the action.
(4) The judge is a material witness in the action.
(5) The party or the party's attorney filing the affidavit has cause to believe and does believe that on account of the personal bias, prejudice or interest of the judge such

party cannot obtain a fair and impartial trial or fair and impartial enforcement of post-judgment remedies. Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists." K.S.A. 20-311d(c).

His contention falls in alignment with subsection (5). That is, he believes that the judge had a duty to recuse himself because after being exposed to counsel's statements regarding the possible weaknesses of their departure request, the judge would be unable to analyze the arguments offered at Cox's sentencing hearing through a neutral lens. We are not persuaded.

Following our review of the entire record, as the governing standard of review directs us to do, we conclude there is no evidence of bias or prejudice on the part of the presiding judge, and defendant's assertion to the contrary is simply a matter of conjecture and speculation. In truth, what the record reveals is that the judge did not even recall the statements defendant highlights as prejudicial enough to require recusal. If those remarks were not so significant as to take root in the judge's memory, it is unlikely they later led to bias. This conclusion is also substantiated by the fact that the sentencing transcript does not contain any reference by the judge at the sentencing hearing to the complained of comments by counsel. In short, the record fails to support a finding that the evidence adduced at the prior proceeding adversely impacted the judge's ability to be impartial at the later sentencing proceeding. For the same reason, the chief judge in that judicial district likewise did not err when he declined to order the presiding judge to recuse himself. The foundation for the defendant's motion was beliefs and speculation, not actual evidence, as required to obtain the relief sought.

We have previously declined to allow such suppositional claims to pave the way for relief. In *Logan v. Logan*, 23 Kan. App. 2d 920, 931, 937 P.2d 967 (1997), the appellants unsuccessfully moved to request recusal of a district court judge who had heard a hearing in the case and decided against them. The appellants argued the judge's

10

conclusions from the previous probate case showed "'that the judge had already made up his mind as to all the crucial issues'" in their case. 23 Kan. App. 2d at 931. But a panel of this court wrote that these allegations were mere speculation, which cannot by itself disqualify a trial judge. 23 Kan. App. 2d at 932.

The record before us does not support defendant's claim of error. The decision of the district court, denying defendant's recusal motion, is affirmed.

Affirmed.