NOT DESIGNATED FOR PUBLICATION

No. 127,564

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN WAYNE COX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Oral Argument held January 6, 2026. Opinion filed February 27, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Stephen Wayne Cox pled guilty to aggravated battery and was sentenced to 162 months in prison. After a direct appeal, Cox filed a motion to correct illegal sentence, arguing the district court erred by including multiple prior convictions when calculating his criminal history score. The district court denied the motion to correct illegal sentence and Cox appeals.

1

On appeal, we first find that as to an attempted criminal threat conviction included in Cox's criminal history, the district court erred by failing to apply the legal precedent in effect at the time of Cox's sentencing, *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). Under *Boettger*, if Cox's attempted criminal threat conviction was committed recklessly, it cannot be included in his criminal history. Since the documents attached to Cox's brief do not resolve this question, remand is appropriate for the district court to apply the correct legal precedent and make factual findings related to whether Cox's attempted criminal threat conviction was committed recklessly.

But as to Cox's remaining issues on appeal, we find the district court did not err by including the four misdemeanor convictions Cox challenges on appeal in the calculation of his criminal history score. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

*Conviction and Sentencing*

On March 11, 2019, Cox pled guilty to aggravated battery—a severity level 4 person felony. At the time of his plea, the district court ordered a presentence investigation report (PSI) to help determine Cox's criminal history score for sentencing. The PSI was completed and filed with the court. The PSI contained a criminal history worksheet with Cox's prior convictions.

Prior to his sentencing hearing, Cox filed a motion to withdraw his pleas in four misdemeanor cases included in his criminal history: the convictions contained in criminal history worksheet entries 38, 39, 43, and 44. Cox argued that the record in each of these cases reflected the plea was taken without a plea colloquy that included the waiver of his

jury trial rights. Cox's claims were considered and denied by a misdemeanor court assigned to the cases.

At his sentencing hearing in the present case, Cox objected to the scoring of entries 38, 39, 43, and 44 as part of his criminal history. The district court denied Cox's motion to exclude the four misdemeanors and found his criminal history score was A. Cox was sentenced to 162 months in prison.

*Direct Appeal*

Cox filed a direct appeal challenging his criminal history score along with several other unrelated issues. See *State v. Cox*, No. 123,587, 2021 WL 5500044 (Kan. App. 2021) (unpublished opinion). On direct appeal, Cox argued that his prior misdemeanor convictions in Leavenworth County Case No. 2014-CR-499 and 2014-CR-596 should not have been included in his criminal history. We see no case number entitled 2014-CR-596 included in Cox's criminal history worksheet; we conclude that his attorney was most likely referencing his convictions in 2014-CR-593. The State did not identify the convictions by case number in its appellate brief. The panel also did not identify the convictions by case number; rather, it identified them as convictions from 2014:

> "Cox also challenged his criminal history score. He argued that his two misdemeanor convictions from 2014 should not be used to calculate his criminal history because the court in those cases neglected to advise him of his right to trial, the State's burden of proof at trial, his right not to testify, his right to confront witnesses, his right to use subpoena power, and the maximum penalty for the charges he faced." *Cox*, 2021 WL 5500044, at *1.

A panel of our court found Cox's claim had no merit, holding:

> "The State contends that the holdings in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *State v. Delacruz*, 258 Kan. 129, 899 P.2d

3

1042 (1995), direct the resolution of this issue. We agree. In *Custis*, the defendant argued that the district court should not have used two of his prior convictions to enhance his sentence because his counsel in those cases rendered deficient representation. Custis relied on *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), for relief because the *Burgett* Court held that prior uncounseled convictions could not be used to enhance a defendant's criminal history score. 389 U.S. at 114. But the *Custis* Court declined to extend the *Burgett* rule and held that courts may use prior convictions to enhance criminal penalties, even if the prior convictions were legally flawed, so long as the defendant was represented by counsel. 511 U.S. at 496. In *Delacruz*, 258 Kan. at 137, the Kansas Supreme Court adopted the *Custis* rule when Delacruz similarly argued that certain of his prior convictions should be excluded from his criminal history because his pleas were made involuntarily. The court wrote that Delacruz' proposed rule would 'require sentencing courts . . . to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era.' 258 Kan. at 138-39. The court also found that adopting Delacruz' argument would blunt the finality of a court's judgments. 258 Kan. at 139." *Cox,* 2021 WL 5500044, at *3.

The panel went on to find that "[t]he issue raised by Cox, challenging the efficacy of the court's guidance at his earlier plea hearings, essentially invites us to examine the transcripts from those past hearings. But this is the very thing *Delacruz* warned against. Application of *Custis* and *Delacruz* is appropriate here." 2021 WL 5500044, at *4. The panel affirmed the district court's inclusion of the convictions in Cox's criminal history.

*Motion to Correct Illegal Sentence*

Cox next filed a motion to correct an illegal sentence that is the subject of this appeal. He again challenged entries 39, 43, and 44. In his motion, he added a challenge to entry 23, an attempted criminal threat conviction, and entry 48, a misdemeanor child endangerment conviction from Leavenworth Municipal Court.

As to the attempted criminal threat conviction, Cox argued that "defendant's criminal history score was erroneously calculated because it included an unconstitutional

conviction for Attempted Criminal Threat under the recklessness provision. *State v. Boettger*, 310 Kan. 800 (2019)."

As to the misdemeanor convictions in entries 39, 43, and 44, Cox claimed that "multiple misdemeanor convictions were obtained in violation of the defendant's Sixth Amendment rights. Convictions obtained in violation of a defendant's Sixth Amendment rights cannot be included in a criminal history score. *State v. Youngblood*, 288 Kan. 659 (2009)." Cox argued "[t]he plea agreements do not inform the defendant of his right to a jury trial. The plea agreements do not inform the defendant of his right to confront the witnesses. The plea agreements do not advise him that he is waiving his right against self-incrimination." As to entry 48, Cox argued there was no "record of a waiver of trial, let alone jury trial, waiver of trial rights or entry of plea of guilty." He further claimed "[i]nclusion of an unverified conviction presents additional grounds that the instant criminal history score is contrary to statutory authority. A criminal history score that includes an unverified conviction is illegal."

The district court denied Cox's motion to correct illegal sentence, ruling from the bench on February 15, 2024, and then incorporating those findings by reference into a written journal entry on March 8, 2024. As to the inclusion of the attempted criminal threat conviction in Cox's criminal history score, the district court held:

> "With regard to the first argument, the *Boettger* case that the defense relies upon has been overruled. The Ka—the U.S. Supreme Court in *Colorado v. Counterman*, that case has been applied to the Kansas statute in *State v. Phipps*, which is at 539 Pacific 3d 227. In that case, the Kansas Court of Appeals said that the *Counterman* case does apply and that it effectively overruled the *Boettger* case. And so based upon that, the Court does not believe there's any merit in the argument being raised by the defendant, so the—that will be the Court's finding."

The district court then resolved Cox's remaining arguments:

> "With regard to the other issues, the Court does not believe a defendant should have a right to just continually re-litigate and call it a motion for an illegal sentence. It seems that the issues raised here today could've been raised in the prior litigation and they were not. The Court believes that by not raising them in the prior litigation, the defendant effectively abandoned those claims by not raising them. But nonetheless, if the Court would consider them, the Court does agree with the arguments being made by the State and would deny the motion based upon the reasons that are set forth in the response by the State. So for those reasons, the Court is at this time denying the defendant's motion to correct an illegal sentence."

Upon request, the district court clarified on the record that its decision on the misdemeanor convictions was due to both claim preclusion and specific factual issues as argued by the State.

Cox timely appeals.

ANALYSIS

DID THE DISTRICT COURT ERR BY INCLUDING COX'S ATTEMPTED CRIMINAL THREAT CONVICTION IN HIS CRIMINAL HISTORY CALCULATION?

*Standard of Review*

The denial of a motion to correct an illegal sentence is reviewed de novo. *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 (2013). Whether a prior conviction was properly classified for criminal history purposes is a question of law subject to unlimited review. *State v. Baker*, 58 Kan. App. 2d 735, 738, 475 P.3d 24 (2020).

*Discussion*

> *The legality of a sentence is controlled by the law in effect at the time of sentencing.*

K.S.A. 22-3504(c)(1) defines an illegal sentence, in part, as one:

"[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced."

In his motion to correct an illegal sentence, Cox alleged the district court erred by including entry 23, a conviction for attempted criminal threat from December 18, 2009, in his criminal history score. He alleged that under *Boettger*, 310 Kan. 800, "defendants criminal history score was erroneously calculated because it included an unconstitutional conviction for Attempted Criminal Threat under the recklessness provision."

In *Boettger*, the defendant was convicted of one count of reckless criminal threat. 310 Kan. at 801. In *Boettger*, the Kansas Supreme Court held:

"[T]he portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence. See K.S.A. 2018 Supp. 21-5202(h) and (j) (defining 'intentionally' and 'recklessly' in Kansas criminal statutes). The provision significantly targets protected activity. And its language provides no basis for distinguishing circumstances where the speech is constitutionally protected from those where the speech does not warrant protection under the First Amendment.

"Boettger's conviction for reckless criminal threat must be reversed because it was based solely on the unconstitutional provision." *Boettger*, 310 Kan. at 822-23.

In denying Cox's claim, the district court concluded that *Boettger* was overruled by the United State Supreme Court in *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). But "[t]he legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Cox was sentenced on December 28, 2020. Cox's direct appeal concluded with a mandate on September 12, 2022. Here, the parties agree that *Counterman*, decided in 2023, does not apply in this case. Thus, *Boettger* continues to control the determination of whether Cox's sentence was legal.

*Because the district court made no factual findings, and applied an incorrect legal precedent, remand is appropriate.*

When an offender challenges criminal history after being sentenced, the burden of proof shifts to the offender to prove criminal history by a preponderance of the evidence. K.S.A. 21-6814(c). *State v. Daniels*, 319 Kan. 340, 348, 554 P.3d 629 (2024).

Under K.S.A. 21-6810(d)(9), "[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." At issue in *Boettger* was K.S.A. 2018 Supp. 21-5415(a)(1) defining criminal threat. The *Boettger* court found "the portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence." 310 Kan. at 822-23. Thus, under *Boettger,* if Cox was convicted of reckless criminal threat pursuant to K.S.A. 2018 Supp. 21-5415(a)(1), that conviction cannot be used for criminal history scoring.

We are unable to conclude whether Cox met his burden of proof to show his criminal history under K.S.A. 21-6814(c) because the district court did not make any

factual conclusions related to its denial of Cox's motion to correct illegal sentence applying the correct legal precedent. Instead, it found that under *Counterman,* no relief could be available to Cox regardless of whether his underlying criminal threat conviction was committed intentionally or recklessly. "[A]ppellate courts do not make factual findings, even if the record is sufficient for the court to reach the factual issues. Fact-finding is simply not the role of appellate courts. See, *e.g., State v. Thomas,* 288 Kan. 157, 161, 199 P.3d 1265 (2009)." *State v. Nelson,* 291 Kan. 475, 488, 243 P.3d 343 (2010).

*Attempted Criminal Threat*

The State argues in passing in its brief that a remand is unnecessary because Cox's conviction at issue is an *attempted* criminal threat conviction. The State asserts that an *attempted* criminal threat conviction leads to a different result under *Boettger* and K.S.A. 21-6810(d)(9), as attempts are based on intentional—not reckless—conduct. The State argues that the conduct giving rise to Cox's attempted criminal threat conviction must necessarily have been intentional—and thus does not give rise to the constitutional problem identified in *Boettger*. While this argument has some logical allure, we find it unconvincing under the facts of this case.

In Kansas, an attempt is defined as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-5301(a).

An attempt requires a specific intent to commit the underlying crime. *State v. Mora*, 315 Kan. 537, 509 P.3d 1201 (2022). "K.S.A. 2020 Supp. 21-5301(a) thus plainly requires the State, when prosecuting an attempted crime, to prove that the defendant possessed the specific intent to commit the underlying offense." 315 Kan. at 542.

9

The State argues that because *Mora* confirms an attempt requires specific intent to commit the underlying offense, it is impossible to commit attempted, reckless criminal threat. But *Mora* involved an erroneous jury instruction and insufficient evidence from a jury trial. 315 Kan. at 540. Here, unlike the court in *Mora,* we reach the issue of attempt not through a jury trial, but through a plea agreement. And as we discuss below, this is an important difference.

The State argues that it is legally impossible to commit attempted, reckless criminal threat because such a crime is a legal fiction. The State relies on *State v. Shannon*, 258 Kan. 425, 905 P.2d 649 (1995), in support of its argument. In *Shannon,* the Kansas Supreme Court considered whether the district court erred by failing to instruct on the lesser included offenses of attempted second-degree murder and attempted involuntary manslaughter. The court concluded that the district court did not err because "neither attempted involuntary manslaughter under K.S.A. 1994 Supp. 21-3404(a) or (c) nor attempted second-degree murder under K.S.A. 1994 Supp. 21-3402(b) are recognized offenses in Kansas." 258 Kan. at 428.

What makes the present case different from *Shannon* is its context. Cox's attempted criminal threat conviction did not arise as the result of a jury trial; rather, it was the result of a plea agreement. And while a legal fiction cannot form the basis of a crime submitted to a jury, it can form the basis of crime contained within a plea agreement. See *McPherson v. State*, 38 Kan. App. 2d 276, 285, 163 P.3d 1257 (2007) (as part of a plea agreement, defendant properly pled no contest to nonexistent crime of attempted second-degree unintentional murder); see also *Spencer v. State*, 24 Kan. App. 2d 125, 129, 942 P.2d 646 (1997) (as part of a plea agreement, defendant properly pled to the nonexistent crime of attempted aggravated assault), *aff'd* 264 Kan. 4, 954 P.2d 1088 (1998). So, the fact that Cox pled to a nonexistent crime does not in and of itself resolve the issue of whether an *attempt* changes the relief afforded under *Boettger* where a criminal threat conviction was committed recklessly.

10

This brings us back to K.S.A. 21-6810(d)(9), which states, "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." The court in *Boettger* declared the reckless version of the criminal threat statute, K.S.A. 2018 Supp. 21-5415(a)(1), unconstitutional. 310 Kan. at 822-23. Under K.S.A. 21-6810 (d)(9), a conviction for reckless criminal threat cannot be used to determine Cox's criminal history. Under the plain language of K.S.A. 21-6810(d)(9), there is no caveat related to an *attempt* of an underlying crime that has been declared unconstitutional. "When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). But here, we need not examine the issue further because under the facts of this case, Cox's attempted criminal threat conviction was reached as the result of a plea agreement. Even if the State is correct that an attempted criminal threat conviction is a legal impossibility, it may still properly form the basis of a plea agreement as it did here. *McPherson*, 38 Kan. App. 2d at 285.

We find Cox has raised a factual question as to whether this conviction should have been included in his criminal history score—a factual question that was never resolved by the district court applying the correct legal precedent. We therefore reverse the district court's decision denying Cox's motion to correct illegal sentence on the issue of including his attempted criminal threat conviction in his criminal history. We remand the case to district court for the court to consider the motion and make factual findings and legal conclusions pertaining to the inclusion of the attempted criminal threat conviction in Cox's criminal history under *Boettger*. We deny Cox's request to have the remand heard by a different judge.

11

## DID THE DISTRICT COURT ERR BY INCLUDING MISDEMEANOR CONVICTIONS 39, 43, AND 44 IN COX'S CRIMINAL HISTORY CALCULATION?

Cox objected to the inclusion of entries 38, 39, 43, and 44 in his criminal history prior to his sentencing, claiming the plea related to each conviction was improper. These convictions arose from two, 2014 cases in his criminal history worksheet—14CR499 and 14CR593. The court overruled his objection and determined Cox's criminal history score was A.

Cox then challenged the convictions within his direct appeal. Cox claimed two misdemeanor convictions from 2014 should not be used to calculate his criminal history because the court in those cases "neglected to advise him of his right to trial, the State's burden of proof at trial, his right not to testify, his right to confront witnesses, his right to use subpoena power, and the maximum penalty for the charges he faced." *Cox*, 2021 WL 5500044, at *1.

A panel of our court denied Cox's claim, finding "defendants could not collaterally attack prior convictions that appear in their criminal history unless those convictions were uncounseled." *Cox*, 2021 WL 5500044, at *3. The panel also found Cox's claim was similar to that in *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995).

> "The issue raised by Cox, challenging the efficacy of the court's guidance at his earlier plea hearings, essentially invites us to examine the transcripts from those past hearings. But this is the very thing *Delacruz* warned against. Application of *Custis* and *Delacruz* is appropriate here. " *Cox*, 2021 WL 5500044, at *4.

After being denied relief within his direct appeal, Cox filed a motion to correct an illegal sentence, again alleging three of the previously litigated four misdemeanors were improper. Unlike his earlier motions, Cox did not challenge entry 38, leaving 39, 43, and 44. But his arguments as to the remaining convictions included arguments previously

made within his direct appeal, even if framed differently, including his statement that "multiple misdemeanor convictions were obtained in violation of the defendant's Sixth Amendment rights. Convictions obtained in violation of a defendant's Sixth Amendment rights cannot be included in a criminal history score. *State v. Youngblood*, 288 Kan. 659 (2009)." Cox also argued "[t]he plea agreements do not inform the defendant of his right to a jury trial. The plea agreements do not inform the defendant of his right to confront the witnesses. The plea agreements do not advise him that he is waiving his right against self-incrimination."

The district court denied Cox's motion to correct illegal sentence, finding that Cox's claims were abandoned when not litigated on direct appeal:

> "With regard to the other issues, the Court does not believe a defendant should have a right to just continually re-litigate and call it a motion for an illegal sentence. It seems that the issues raised here today could've been raised in the prior litigation and they were not. The Court believes that by not raising them in the prior litigation, the defendant effectively abandoned those claims by not raising them."

The district court further ruled that, even if the claims were properly before the court, it would adopt the arguments made by the State.

Cox argues that the district court erred in applying the doctrine of waiver, and states that res judicata should not bar his claim. The crux of Cox's claim as to these convictions is that he "now challenges whether the Sixth Amendment right to counsel which permits collateral challenges for criminal history scoring purposes may be extended to the defendant's Sixth Amendment right to jury trial." He believes that denial of either right "may serve as structural error that invalidates the entire conviction."

13

*The district court erred in applying the waiver doctrine, but that error is not reversible.*

The district court resolved Cox's arguments pertaining to the three misdemeanors by finding Cox waived any additional arguments regarding these misdemeanor convictions when he did not assert them in his direct appeal. A motion to correct an illegal sentence is an exception to the general rule that all claims must be raised on direct appeal or deemed waived. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). A "motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal." *Neal*, 292 Kan. at 631. The district court erred in finding Cox's claims were waived. But because Cox's claim otherwise fails as we explain below, this was not reversible error.

*Res judicata bars Cox's claim.*

Determination of res judicata is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023). Res judicata "generally bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415.

Cox admits he previously challenged entries 39, 43, and 44 in his direct appeal. In his direct appeal, he argued that he was not advised of "his right to trial, the State's burden of proof at trial, his right not to testify, his right to confront witnesses, his right to use subpoena power, and the maximum penalty for the charges he faced." *Cox*, 2021 WL 5500044, at *1.

Both within his direct appeal and here, Cox claims he was not advised of his right to trial. While Cox concedes he previously raised this issue, he claims res judicata does not apply because previously he did not argue that the failure to advise him of his right to counsel resulted in structural error. We find Cox's argument is without merit. Cox has

14

simply reframed the same issue he raised within his direct appeal. In both cases, Cox maintains he could not have waived his right to jury trial because he was not advised of that right. Even if Cox's claims are not identical, they contain the same core issue. Cox's claims are barred by res judicata. *Moncla*, 317 Kan. at 417 (holding issues raised in direct appeal and motion to correct illegal sentence barred by res judicata).

*Cox's claim also fails on the merits.*

Even if we were to reach the substance of Cox's argument, his claim is without merit. On direct appeal, Cox argued that his 2014 misdemeanor convictions should not be used to calculate his criminal history because the court in those cases neglected to properly advise him of his rights. 2021 WL 5500044, at *4.

In his motion to correct illegal sentence, Cox again argues that these entries were improperly included in his score. He now argues the district court's inclusion of these misdemeanors in his criminal history score was a violation of his Sixth Amendment right to a jury trial. But Cox "acknowledges that *Delacruz* limited the ability to challenge prior convictions." Cox asks this court "to extend the law, not overturn it." Cox asserts "that the limited extension proposed here achieves the same ends and is a logical and appropriate extension of the existing law." Further, Cox asserts that misdemeanor convictions "should be open to examination" if there is not "affirmative evidence the defendant was advised of and personally waived his right to jury trial in the records and files."

But Cox provides no authority in support of his position. Issues not adequately briefed are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). It is uncontroverted that Cox was represented by counsel in each of the cases he challenges here. He is therefore barred from collaterally challenging the convictions even if a deficiency exists. *Custis*, 511 U.S. at 496; *Delacruz*, 258 Kan. at 138-39. The

15

district court did not err in including entries 39, 43, and 44 in Cox's criminal history calculation.

## DID THE DISTRICT COURT ERR BY INCLUDING MISDEMEANOR CONVICTION 48 IN COX'S CRIMINAL HISTORY CALCULATION?

In 2016, Cox was convicted of child endangerment in Leavenworth Municipal case number MCCR16-490. This conviction, included as entry 48 in Cox's PSI, was used in computing his criminal history. On appeal, Cox argues that his case should be remanded because a substantial issue of fact exists as to whether he was represented by counsel.

Because Cox is challenging his criminal history after being sentenced, the burden of proof shifts to him to prove his criminal history by a preponderance of the evidence. K.S.A. 21-6814(c); *Daniels*, 319 Kan. at 348.

The record on appeal contains a Record of Actions (ROA) summary of events in this case provided by the Leavenworth Municipal Court. The ROA document was produced by Cox in support of his motion to correct illegal sentence and summarizes the events that transpired in case MCCR16-490. The document indicates a plea was entered but does not indicate whether Cox was [r]epres[ented] by counsel. In response to Cox's motion, the State produced a case disposition record from case MCCR16-490 filed on November 3, 2023. It indicates Cox was "represented by Gary Fuller Attorney at Law." At the hearing on Cox's motion to correct illegal sentence on February 15, 2024, Cox argued there was a factual dispute based on these records. Specifically, Cox argued there was insufficient information to establish counsel was present. The district court denied Cox's motion on this issue.

16

After the district court's ruling, the State submitted a third document—another case disposition record showing that Cox was "Repres[ent]ed by Gary Fuller Attorney at Law—From Plea to Sentencing." The parties agreed to the inclusion of this document on appeal to "facilitate review of the claims on the merits."

Cox argues the ROA summary he provided met his "initial burden" and the documents the State entered created "an issue of fact related to disputed evidence." Cox urges this court to remand to the district court for further hearing. But Cox provides no evidence to support his request. Cox never claimed, via affidavit or other means, that he did not have counsel. And the evidence in the record indicates that in fact Cox was represented by counsel from the time of his plea to his sentencing. Cox has not carried his burden to show his sentence was illegal because his conviction in entry 48 was without counsel. The district court did not err in including entry 48 in the calculation of Cox's criminal history.

Affirmed in part, reversed in part, and remanded with directions.