NOT DESIGNATED FOR PUBLICATION

No. 121,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALFRED N. OBIERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 28, 2022. Sentence vacated in part and case remanded with directions.

*Alfred N. Obiero*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BUSER, JJ.

BUSER, J.:  This is a pro se sentencing appeal brought by Alfred N. Obiero who was convicted of aggravated battery while driving under the influence (DUI) of alcohol. He raises two issues for our consideration. First, Obiero contends he is serving an illegal sentence. In this regard, he argues the district court erroneously calculated his criminal history score by improperly including certain prior DUI convictions in his criminal history score. Second, Obiero claims the district court illegally sentenced him to a 36-month postrelease supervision period.

1

Upon our review, we hold the district court did not err in calculating Obiero's criminal history score. We find, however, that the district court imposed an illegal postrelease supervision term at sentencing. Accordingly, we vacate the 36-month postrelease supervision term and remand with directions for the district court to sentence Obiero to a 24-month postrelease supervision term as provided by K.S.A. 2017 Supp. 22-3717(d)(1)(B). Obiero's sentence is affirmed in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, Obiero pled guilty to aggravated battery while DUI, in violation of K.S.A. 2017 Supp. 21-5413(b)(3)(A), (g)(2)(C). In return for this plea, the State dismissed Obiero's remaining charges which included two additional counts of aggravated battery while driving under the influence, driving while suspended, and unlawfully operating a vehicle on the left side of the roadway. The State also agreed to recommend that the district court grant a downward durational departure to 84 months' imprisonment at sentencing.

At the plea hearing, the parties discussed the application of K.S.A. 2017 Supp. 21-6811(c)(3) that governs the classification of prior DUI convictions when an individual is subsequently convicted of aggravated battery while driving under the influence. That statute provides:

"(3) If the current crime of conviction is for violation of K.S.A. 2017 Supp. 21-5413(b)(3) [aggravated battery while DUI] . . . :

(A) The first prior adult conviction . . . [for DUI] shall count as one *nonperson felony* for criminal history purposes . . . ; and

(B) each second or subsequent prior adult conviction . . . [for DUI] shall count as one *person felony* for criminal history purposes." (Emphases added.) K.S.A. 2017 Supp. 21-6811(c)(3).

2

The parties expected that given Obiero's conviction for aggravated battery while DUI, K.S.A. 2017 Supp. 21-6811(c)(3) would apply at time of sentencing.

A presentence investigation (PSI) report was prepared and calculated that Obiero's criminal history score was A. The PSI report showed that Obiero had numerous prior convictions, five of which were for DUI. As anticipated, the PSI investigator applied K.S.A. 2017 Supp. 21-6811(c)(3) to Obiero's five prior DUI convictions, resulting in four prior DUI convictions being scored as person felonies. The relevant entries showed:

- Entry 2: Kansas state DUI conviction on February 10, 2005 (Sedgwick County) scored as an adult *nonperson* felony.
- Entry 3: Kansas municipal DUI conviction on April 14, 2005 (Wichita) scored as an adult person felony.
- Entry 5: Kansas state DUI conviction on September 10, 2007 (Sedgwick County) scored as an adult person felony.
- Entry 10: Oklahoma state DUI conviction on April 3, 2012 (Alfalfa County) scored as an adult person felony.
- Entry 18: Kansas municipal DUI conviction on September 26, 2017 (Haysville) scored as an adult person felony.

Before sentencing, Obiero challenged his criminal history score as calculated in the PSI report. Obiero disputed three prior convictions—entries 8, 10, and 11—claiming he had "no recollection of the charges." Additionally, he challenged each prior DUI conviction on multiple grounds. Relevant to this appeal, Obiero challenged whether the predicate convictions for imposing K.S.A. 2017 Supp. 21-6811(c)(3)—the special sentencing rule for classifying prior DUI convictions when subsequently convicted of aggravated battery while DUI—were properly shown. Obiero also challenged whether the Haysville DUI conviction listed in Entry 18 was void because the municipal court lacked subject matter jurisdiction.

3

At sentencing, following lengthy argument, the district court struck the prior DUI convictions listed in entries 3 and 10 but denied Obiero's remaining objections. The district court ruled that Obiero's criminal history score was B based, in relevant part, on scoring entries 5 and 18 as adult person felonies.

Upon finding Obiero's criminal history score was B, the district court followed the recommendations of the plea agreement. The district court granted Obiero's motion for a downward dispositional departure and sentenced him to 84 months' imprisonment with 36-months postrelease supervision. A journal entry memorialized the sentence. Later, the district court filed an agreed-upon journal entry which corrected the erroneous 36-month postrelease supervision term to reflect the statutorily mandated 24-month term.

Obiero appeals.

CALCULATION OF CRIMINAL HISTORY SCORE

On appeal, Obiero claims he is serving an illegal sentence because the district court made two errors in calculating his criminal history score. First, he argues the district court erred when it scored his prior DUI convictions as person felonies because the statute at issue, K.S.A. 2017 Supp. 21-6811(c)(3), is ambiguous. Second, he asserts the district court erred when it failed to strike the 2017 Haysville DUI conviction in calculating his criminal history score because the municipal court was without jurisdiction.

The State counters that our court does not have jurisdiction to consider Obiero's appeal and that he failed to preserve the issue for appeal. Alternatively, the State argues Obiero's challenges to his criminal history score are without merit. We will address the State's jurisdictional and preservation arguments first.

4

*Jurisdiction and Preservation*

According to the State, "appellate courts lack jurisdiction to review an agreed upon sentence imposed under the terms of a plea agreement that is approved by the court."

Whether jurisdiction exists is a question of law over which our court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

The right to appeal is entirely statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919.

> "Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right. The only reference in the Kansas Constitution to appellate jurisdiction demonstrates this principle, stating the Kansas Supreme Court shall have 'such appellate jurisdiction as may be provided by law.' Kan. Const., art. 3, § 3. Under this provision, this court may exercise jurisdiction only under circumstances allowed by statute; this court does not have discretionary power to entertain appeals from all district court orders. [Citations omitted.]" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

See *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

Under K.S.A. 2020 Supp. 21-6820(c)(2): "On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: . . . (2) any sentence resulting from an agreement between the state and

5

the defendant which the sentencing court approves on the record." On the other hand, another statute, K.S.A. 2020 Supp. 22-3504(a), provides: "The court may correct an illegal sentence at any time while the defendant is serving such sentence."

Our Supreme Court has held that because a defendant receives a sentence that was the result of a plea agreement does not necessarily bar an appellate court's ability to consider an illegal sentence claim. According to the Supreme Court: "This court has reconciled the two statutes [K.S.A. 22-3504(1) and K.S.A. 2014 Supp. 21-6820(c)(2)] by holding that an appellate court has jurisdiction to correct an illegal sentence even when it was agreed to in a plea." *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015); see also *State v. Shull*, 52 Kan. App. 2d 981, 986, 381 P.3d 499 (2016) (The "statutory limitation [in K.S.A. 2015 Supp. 21-6820(c)(2)] on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence.").

In the present case, Obiero argues that the sentence as pronounced is illegal because two prior DUI convictions used in calculating his criminal history score, listed in PSI entries 5 and 18, were improperly classified as person felony crimes. In *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011), our Supreme Court concluded the defendant's challenge to his criminal history score was "necessarily a challenge to his sentence that the history score helped produce." The *Neal* court found: "If the history score is incorrect, it follows that [the] resulting sentence cannot conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence." 292 Kan. at 631. We conclude that our court has jurisdiction to review Obiero's illegal sentence claim.

Similarly, with regard to whether Obiero preserved this issue for appeal, we are persuaded that we may consider this claim because a "court may correct an illegal sentence at any time," including for the first time on direct appeal. K.S.A. 2020 Supp. 22-

3504(a). See *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). We will consider this issue.

*K.S.A. 2017 Supp. 21-6811(c)(3) Is Not Ambiguous*

Obiero contends he is serving an illegal sentence because the special sentencing statute upon which he was sentenced, K.S.A. 2017 Supp. 21-6811(c)(3), "is markedly ambiguous." Employing rules of statutory construction, Obiero argues that prior municipal court DUI entries should not have been used to enhance his sentence because they were nonselect class B nonperson misdemeanors. For its part, the State responds: "To the contrary, [Obiero's] brief exposes that there is zero ambiguity within K.S.A. 21-6811(c)(3); rather, defendant seeks to create ambiguity by conflating the specific rule of K.S.A. 21-6811(c)(3) with the more general rule for scoring prior misdemeanors in K.S.A. 21-6810(d)(6). This is not how statutory interpretation works."

Since this issue requires statutory interpretation, our court's review is unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court also has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *Hambright*, 310 Kan. at 411.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is

7

plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 309 Kan. at 164. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Pulliam*, 308 Kan. 1354, 1364, 430 P.3d 39 (2018).

Obiero challenges K.S.A. 2017 Supp. 21-6811(c)(3) as being ambiguous. That statutory provision provides:

"(3) If the current crime of conviction is for a violation of K.S.A. 2017 Supp. 21-5413(b)(3) [aggravated battery while DUI], and amendments thereto:

(A) The first prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for the following count as one nonperson felony for criminal history purposes: (i) Any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; or (ii) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; and

(B) each second or subsequent prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for the following shall count as one person felony for criminal history purposes: (i) Any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto; or (ii) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits any act described in K.S.A. 8-2,144 or 8-1567 or K.S.A. 2017 Supp. 8-1025, and amendments thereto." K.S.A. 2017 Supp. 21-6811(c)(3).

In Obiero's view, "this special sentencing provision is ambiguous" because the "vocabulary fails to specify the types of prior DUI convictions that should be considered and scored under its provision, making the statute prone to more than one reasonable interpretation." He contends the statute could be interpreted as "either all prior DUI

8

convictions are to be scored" or "specific prior DUI convictions that constitute criminal history categories as outlined in K.S.A. 21-6810 are to be scored." See K.S.A. 2017 Supp. 21-6810(d)(6) ("All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors," and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored.).

Obiero then argues that when K.S.A. 2017 Supp. 21-6811(c)(3) is "read in conjunction" with K.S.A. 2017 Supp. 21-6810(d)(6), "class B misdemeanor DUI convictions must be excluded from consideration . . . for such convictions are not scored for criminal history purposes." He concludes: "Although K.S.A. 21-6811(c)(3) does not specifically include language clarifying which types of prior convictions under K.S.A. 8-1567 should be considered for enhancement, K.S.A. 21-6810(d)(6) mandates that such prior convictions be misdemeanors specifically recited under its subsection that pertains to K.S.A. 8-1567, to-wit: class A nonperson misdemeanor convictions."

As the State counters, the statute is not ambiguous. K.S.A. 2017 Supp. 21-6810(d)(6) is a general classification statute that broadly provides a list of which prior misdemeanor convictions "shall be considered and scored" as part of a criminal history. Admittedly, apart from K.S.A. 2017 Supp. 21-6811(c)(3)—which is the more specific classification statute since it deals with prior DUI convictions—under the generally applicable statute, K.S.A. 2017 Supp. 21-6810(d)(6), a first DUI offense would not be scored in an offender's criminal history because it is not a class B nonperson select misdemeanor. See K.S.A. 2017 Supp. 8-1567(b)(1)(A) and K.S.A. 2017 Supp. 21-6810(b) (defining class B nonperson select misdemeanor).

However, the prefatory language of K.S.A. 21-6811 refers to and specifically states that the provisions of K.S.A. 2017 Supp. 21-6810 should *also* be used to determine criminal history classifications: "*In addition to the provisions of K.S.A. 2017 Supp. 21-6810*, and amendments thereto, the following shall apply in determining an offender's

9

criminal history classification as contained in the presumptive sentencing guidelines . . . ." (Emphasis added.) K.S.A. 2017 Supp. 21-6811. These additional provisions govern special sentencing rules that are used to determine an offender's criminal history, specifying how some prior convictions are scored and applying special rules if the current crime of conviction is listed. See K.S.A. 2017 Supp. 21-6811. Because Obiero's current crime of conviction is aggravated battery while DUI, the specific provisions of K.S.A. 2017 Supp. 21-6811(c)(3) "shall apply." K.S.A. 2017 Supp. 21-6811.

This understanding of the interplay between the general classification statute, K.S.A. 2017 Supp. 21-6810(d)(6) and the specific classification statute, K.S.A. 2017 Supp. 21-6811(c)(3), is consonant with our rules of statutory construction. See *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1066, 390 P.3d 504 (2017) (statutes dealing with the same subject—those that are in pari materia—should be interpreted harmoniously when possible.); *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018) (when there is a conflict between statutes, a specific statute controls over a general statute).

The language of K.S.A. 2017 Supp. 21-6811(c)(3)(A) is clear, unambiguous, and specific. Under this statute—which applies when the current crime of conviction is aggravated battery while DUI—the first prior adult conviction for "[a]ny act described" in the DUI statutes "shall count as one *nonperson felony* for criminal history purposes." (Emphasis added.) K.S.A. 2017 Supp. 21-6811(c)(3)(A). Under K.S.A. 2017 Supp. 21-6811(c)(3)(B), however, "each second or subsequent prior adult conviction" for "[a]ny act described" in the DUI statutes "shall count as one *person felony* for criminal history purposes." (Emphasis added.) Applying this statute to the facts of this case, Obiero's prior DUI convictions were properly included and classified for criminal history scoring purposes.

We find support for our holding in *State v. Briggs*, 24 Kan. App. 2d 621, 628-29, 950 P.2d 273 (1997). In *Briggs*, our court addressed this issue under the predecessors of K.S.A. 21-6810(d)(6) (K.S.A. 21-4710[d][7]) and K.S.A. 21-6811(c)(3) (K.S.A. 21-4711[c]).

In *Briggs*, the defendant made an argument similar to Obiero:

"Briggs reads K.S.A. 21-4710 as not allowing the use of municipal convictions when they are class B nonperson misdemeanors other than select class B nonperson misdemeanors. Briggs reasons that because K.S.A. 21-4710 does not provide for the use of municipal class B nonperson misdemeanors, his municipal conviction for driving under the influence should not be used to enhance his sentence under K.S.A. 21-4711(c)." 24 Kan. App. 2d at 629.

Our court concluded that Brigg's reading of the statutes was "too narrow," 24 Kan. App. 2d at 629, reasoning that K.S.A. 21-4711(c) was an exception to the general criminal history scoring rules and, when reading the applicable statutes together, municipal convictions may be used under the special sentencing rule:

"K.S.A. 21-4711(c) provides an exception to the general rules of criminal history scoring that applies to prior convictions under K.S.A. 1996 Supp. 8-1567 when the current crime of conviction is involuntary manslaughter committed while driving under the influence pursuant to K.S.A. 21-3404(b). K.S.A. 21-4711(c) does not provide any indication that municipal convictions for driving under the influence should be treated differently from state convictions other than to cite to K.S.A. 1996 Supp. 8-1567. K.S.A. 1996 Supp. 8-1567(k)(2), however, specifically provides that a conviction under that statute includes municipal convictions. Reading these statutes together, municipal convictions for driving under the influence may be used under the special criminal history provision of K.S.A. 21-4711(c). See *State v. Le*, 260 Kan. 845, 847-48, 926 P.2d 638 (1996) ('[S]everal provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire act if it is reasonably possible to do so.')." *Briggs*, 24 Kan. App. at 629.

11

Although in *Briggs* we were considering the special sentencing provisions relating to involuntary manslaughter while DUI, the reasoning is analogous. Similar to the special sentencing statute at issue in *Briggs*, K.S.A. 2017 Supp. 21-6811(c)(3) is an exception to the general rule of criminal history classification. It only applies when the current crime of conviction is aggravated battery while DUI. And like the special sentencing statute in *Briggs*, K.S.A. 2017 Supp. 21-6811(c)(3) does not provide any indication that municipal convictions for DUIs should be treated differently from state convictions. In fact, our court has more recently found "K.S.A. 2016 Supp. 8-1567(i) 'provides that a defendant's municipal court DUI conviction occurring on or after July 1, 2001, may be counted as a prior DUI conviction if the ordinance prohibits the acts that K.S.A. 8-1567 prohibits.'" *State v. Lamone*, 54 Kan. App. 2d 180, 184, 399 P.3d 235 (2017).

Obiero does not challenge his prior municipal convictions as not being comparable to an act that K.S.A. 2017 Supp. 8-1567 prohibits. His only challenge is that K.S.A. 2017 Supp. 21-6811(c)(3) is ambiguous. We are persuaded that Obiero's challenge to his criminal history score in this regard is lacking in merit.

*Obiero's Haysville DUI Conviction Was Properly Scored*

Obiero contends the district court erred in scoring his Haysville DUI conviction (Entry 18) because the Haysville Municipal Court lacked jurisdiction to prosecute what he claims should have been charged as a felony DUI in district court. The State counters that Kansas law permitted the Haysville DUI to be prosecuted as a misdemeanor in the municipal court.

Obiero cites *State v. Elliott*, 281 Kan. 583, 586, 133 P.3d 1253 (2006), in support of his argument. In *Elliott*, the defendant was convicted of DUI with five prior DUI convictions. Four of the five prior DUI convictions were municipal convictions. At sentencing, the defendant argued that several of his prior DUI convictions were

improperly classified as misdemeanors in the municipal court, which deprived the municipal court of jurisdiction because the convictions should have been classified as felonies. The district court agreed and excluded two of the prior municipal DUI convictions from the defendant's criminal history. The State appealed, and our Supreme Court affirmed, finding the defendant could collaterally attack the validity of the misdemeanor DUI convictions when those convictions enhance the sentence in the current prosecution. 281 Kan. at 588-89.

Since *Elliott*, however, the Legislature has amended the statute to provide a third DUI conviction is a felony "if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration." K.S.A. 2017 Supp. 8-1567(b)(1)(D). Otherwise, a third conviction for DUI is a nonperson misdemeanor. K.S.A. 2017 Supp. 8-1567(b)(1)(D). This amendment became effective in 2011. See L. 2011, ch. 105, § 19. Relevant to this appeal, this statute was in effect at the time Obiero was convicted of DUI in the Haysville Municipal Court.

Obiero argues:

"At the time of his February 14, 2016, DUI arrest in Haysville, KS, [he] had at least two prior DUI conviction on his record that qualified as predicate offenses for enhancement . . . .

"Consequently, for sentencing purposes, the 2016 Haysville DUI transgression is clearly Mr. Obiero's third or subsequent offense inside the 10-year time frame of his 2007 felony DUI conviction. The third DUI offense within the preceding 10 years is a felony."

Obiero's claim of error is predicated on the assertion that one of his prior DUI convictions occured within the preceding 10 years of his Haysville DUI conviction. In support of his claim, Obiero asserts his Haysville DUI *arrest* occurred on February 14, 2016. Of note, this date relates to Obiero's arrest not his conviction. Relying on this arrest

13

date, Obiero argues "the 2016 Haysville DUI transgression" occurred within 10 years of his prior DUI conviction.

Obiero's PSI report, however, states that his Haysville DUI "Conviction Date" occurred on September 26, 2017. This date is supported by Obiero's subsequent additions to the record on appeal. The journal entry for Obiero's Haysville DUI conviction similarly states he was convicted on September 26, 2017. The PSI report prepared after his Haysville DUI conviction specifically found the Haysville conviction was not a felony:  "[T]his is Mr. Obiero's Fourth DUI conviction, however his First for sentencing purposes (missing the ten year cutoff by two weeks)." The PSI report recommended Obiero "be sentenced as a First DUI offender."

As the State points out, the only information in the record that is contrary to the PSI report is the charging affidavit in this case, which listed the conviction date for Obiero's Haysville DUI as March 1, 2016. Nevertheless, Obiero does not allege this date should apply, nor does he assert any specific date should apply.

As the party making this claim, Obiero has the burden to designate a record sufficient to present his argument to this court and establish his claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see also *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails."). Obiero's argument is unsuccessful because he has failed to designate a record sufficient to support his claim that he was convicted of his third DUI within 10 years of his prior DUI conviction. Moreover, our independent review of the record on appeal shows Obiero's Haysville conviction occurred more than 10 years after his previous DUI conviction on September 10, 2007.

14

Prior to his Haysville conviction, Obiero had been convicted of four DUIs, three in Kansas and one in Oklahoma. At sentencing in this case, however, the district court agreed to strike two prior DUI convictions: Obiero's municipal DUI conviction in Wichita (Entry 3) and his Oklahoma DUI conviction (Entry 10). Obiero does not challenge these strikes on appeal. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (an issue not briefed is deemed waived or abandoned). Accordingly, Obiero's remaining three Kansas DUI convictions are the only valid convictions for criminal history purposes.

At the time of his Haysville conviction on September 26, 2017, Obiero's applicable, prior DUI convictions occurred on February 10, 2005, and September 10, 2007. Based on the September 26, 2017 Haysville DUI conviction date, the municipal court would have had jurisdiction over Obiero's DUI as a misdemeanor because his Haysville DUI conviction did not occur within 10 years of his prior September 10, 2007 conviction. Rather, his Haysville conviction occurred 10 years and 16 days after his prior DUI conviction on September 10, 2007. As the Haysville PSI report noted, this DUI was Obiero's first for sentencing purposes because he "miss[ed] the ten year cutoff by two weeks."

Accordingly, we hold the Haysville Municipal Court had jurisdiction to preside over Obiero's DUI because it was a misdemeanor offense under K.S.A. 2017 Supp. 8-1567(b)(1)(D).

SENTENCE OF POSTRELEASE SUPERVISION

For his final issue, Obiero contends the district court erred by incorrectly sentencing him to 36 months' postrelease supervision. He asserts this is an illegal sentence. He asks our court to remand the case to the district court "with directions to

comply with the mandate of K.S.A. 22-3717(d)(1)(B) in resentencing Mr. Obiero to the proper 24 months postrelease supervision."

In response, the State concedes the error, but points out that after sentencing, the parties jointly submitted an agreed-upon nunc pro tunc order that corrected the prior erroneous sentencing journal entry by ordering that Obiero serve a 24-month postrelease supervision period. According to the State, the sentencing error was corrected and "[n]o remand to correct the period of postrelease supervision is necessary as defendant has already obtained the only relief to which he is entitled."

It is uncontroverted that at sentencing, the district court sentenced Obiero to 36-month postrelease supervision. It is also uncontroverted that this sentence was illegal because Obiero was convicted of a nondrug severity level 5 person felony. As provided in K.S.A. 2017 Supp. 22-3717(d)(1)(B), under the circumstances of this conviction, Obiero should have been sentenced to 24-month postrelease supervision. Finally, it is uncontroverted that the district court memorialized the erroneous 36-month period in the sentencing journal entry and that an agreed-upon nunc pro tunc order was filed later, which properly stated that Obiero should serve a 24-month postrelease supervision term.

As mentioned earlier, a sentence is illegal under K.S.A. 2020 Supp. 22-3504(c)(1) when it "does not conform to the applicable statutory provision, either in character or punishment." Postrelease supervision is included as part of a complete sentence. *State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007). Of particular relevance to this appeal, "[a] criminal sentence is effective when pronounced from the bench at the sentencing hearing; it does not derive its effectiveness from the journal entry." *State v. Potts*, 304 Kan. 687, 707-08, 374 P.3d 639 (2016); *State v. Ortiz*, No. 116,478, 2017 WL 4558408, at *2 (Kan. App. 2017) (unpublished opinion).

16

The agreed-upon procedure employed by the district court to modify Obiero's postrelease supervision sentence by filing a corrective nunc pro tunc order without resentencing the defendant in court was error. In *Potts*, our Supreme Court quoted *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 2, 941 P.2d 365 (1997), for the proposition: "'A nunc pro tunc order under K.S.A. 22-3504(2) may only be used to correct actual clerical errors or errors arising from oversight or omission.'" *Potts*, 304 Kan. at 709. Here, the illegal postrelease supervision period announced at sentencing was an illegal sentence that could not be cured or corrected by the filing of an appropriate journal entry.

Accordingly, we vacate the 36-month postrelease supervision term and remand with directions for the district court to resentence Obiero to a 24-month postrelease supervision term as provided by K.S.A. 2017 Supp. 22-3717(d)(1)(B).

Sentence vacated in part and the case is remanded with directions.